CHRISTOPHER POST v. THE TOWNSHIP BOARD OF SPARTA.        64   597
                                                         121   437

[See 58 Mich. 212; 63 Id. 323.]

*Liquor bond—Mandamus to compel approval by township board.*

1. Where a *mandamus* is asked to compel a township board to approve a liquor bond, it having been rejected for the alleged pecuniary insufficiency of one of the sureties, unless the Court can say, from an examination of the whole record, that the respondent has acted *arbitrarily* or *capriciously*, or with a desire to evade the law, the writ will be denied.

2. In such a case the Court is not called upon to pass upon the show-
ing made in the record as to the value of the property of the
rejected surety, and decide as to his pecuniary responsibility to
become such bondsman, but is required to determine whether
the respondent has acted in *good faith*, and not *arbitrarily* or
*unjustly*. The Court is only concerned with the facts so far as
they throw light upon the conduct of the respondent in rejecting
the bond; and unless such facts are inconsistent with the state-
ments of good faith and honest discharge of duty contained in
its sworn return, the Court must give credit to such return.

Mandamus to compel approval of liquor bond. Submitted
January 13, 1887. Denied January 27, 1887. The facts are
stated in the opinion.

*Frank G. Holmes* (*Birney Hoyt*, of counsel), for relator.
*Myron H. Walker*, for respondent.

CHAMPLIN, J.   On a petition filed by relator, we granted
an order requiring the respondents to show cause why a
*mandamus* should not be granted requiring them to approve
of the sureties in a certain liquor bond to enable the relator
to engage in the business of keeping a saloon in the township
of Sparta, Kent county, Michigan. The penalty fixed by
the township board for bonds of this kind was $6,000. The
law requires at least two sureties, who shall each justify in
the amount of the penalty over and above all indebtedness,
exemptions, and liability on similar bonds. The law also
authorizes and requires the township board to pass upon the
sufficiency of the bond presented. The two sureties named
in the bond were Hollis S. Hilton and Anthony W. Boorom.
The board were satisfied with the sufficiency of Hilton as
surety; but, after investigation and hearing, at which the
relator appeared by attorney, they decided not to approve the
bond on account of the insufficiency of the surety Boorom.
The relator sets up in his petition that the conduct of the
board in refusing to approve said bond was a willful disregard
of his rights, and by their conduct and decision the statute

under which he presented such bond was absolutely ignored by the board; that the surety Boorom was sufficient, and worth more than $6,000 over and above all exemptions and indebtedness; that the act of the township board in refusing to approve said bond is against the just rights of the relator, and that it was the duty of the board to approve said bond.

The respondents answered the petition at great length, setting forth their action and investigations; and they deny that said Boorom is or was a sufficient surety at the time the board rejected the bond for that reason; and they deny that his sufficiency was known to every member of the board. On the contrary, they assert that every member of said board believes and avers that said Boorom was and is insufficient pecuniarily to become said surety on said bond, and that said board ought not to approve him as such. They deny any intention or purpose willfully to disregard the just rights of the relator, and they disavow any intent or purpose to unnecessarily hinder and delay or to annoy said relator, or to deprive him of any of his just and legal rights; and say that said board have been from the beginning, were at the time of the hearing, ever since have been, and now are, ready to accept and approve a bond with sureties pecuniarily responsible and sufficient; and that respondents have always been and are now willing to approve such bond, and to perform their duty under the statute in this behalf, and have faithfully sought to so perform their duty, and do not claim, and have not claimed or exercised, the right to exclude said relator from engaging in said business in said township, providing he complies with the requirements of the law; and that the members of the said board have sought, in all their proceedings in this matter, only to ascertain whether or not surety Boorom was pecuniarily responsible and sufficient, and whether or not it was their duty to approve said bond; and that said board believed and now believe that said Boorom is not pecuniarily responsible and sufficient, and is not worth

in his own right, at a fair valuation, $6,000 over and above all liabilities and exemptions from sale on executions; and, so believing, they submit that said board ought not, and could not conscientiously, with due regard to their duty, approve said bond.

The answer fully meets the allegations of the relator's petition, and raises a direct issue as to the surety Boorom's pecuniary responsibility and sufficiency as such surety, and denies that he is worth $6,000 over and above his liabilities and exemptions. The relator did not ask to have any issue submitted to a jury, and the answer must be taken as true whenever it militates against or comes in conflict with the averments contained in the petition.

This is not an appellate proceeding. We are not called upon to decide whether, from the record and the showing made by Boorom, he was in fact worth more than $6,000 over and above his indebtedness, liabilities on other similar bonds, and exemptions, or whether he was not. What we are called upon to determine is whether the respondents have acted in good faith, and not arbitrarily or unjustly. We are only concerned with the facts so far as they throw light upon the conduct of the board in rejecting the bond. Unless the facts are inconsistent with statements of good faith and honest discharge of their duty contained in their return under oath to us, we must give credit to such return.

Counsel on each side have reviewed the facts embraced in the petition and return; and from them, on the one side, they make out that Boorom's property footed up more than $6,000, and even as high as $10,000; while on the other side, from the testimony and facts viewed in the light which the respondents took, his property amounted to less than $6,000. We cannot say that there is such a preponderance of testimony in favor of the relator's conclusions as shows conclusively or even probably that the members of the board were actuated by illegal or improper motives in rejecting the

bond. They were called upon to exercise a sound legal dis-
cretion, and this called for the exercise of judgment based
upon the weight of evidence. From this evidence they tell
us that they did not believe that Boorom was pecuniarily
sufficient. From the whole record we cannot say that the
respondents have acted arbitrarily or capriciously, or with
a design to evade the law, and therefore the writ must be
refused.

CAMPBELL, C. J., and SHERWOOD, J., concurred. MORSE,
J., did not sit.