GEORGE E. DEVIN *vs.* JOHN W. BELT, Clerk of the Circuit Court for Prince George's County.

*High License—Local Act of* 1884, *ch.* 283—*Mandamus—Demurrer.*

The local Act of 1884, ch. 283, sec. 5, designated as the "High License Law of Prince George's County," provides that; in addition to the usual license required by the State, all applicants for liquor licenses shall, before obtaining said licenses, pay to the Clerk of the Circuit Court the sum of $100. for the use of the public roads of said county. The Act further provides "that each and every applicant, person or persons, house, corporation, company, or association, shall be recommended to the said clerk, by five respectable freeholders of his or their immediate vicinity, as a fit person to traffic in the article." Upon the refusal of the clerk to issue such license, because he did not think that the applicant was recommended by five respectable freeholders living in the immediate vicinity, it was HELD:

1st. That a *mandamus* would not lie to compel him to do so.

2nd. That the clerk by demurring to the replication filed to his answer to the petition for a *mandamus*, in which replication it was alleged that the petitioner was recommended by five respectable freeholders in his immediate vicinity, did not admit the truth of that allegation.

A Court will not issue a *mandamus* to compel a public officer to perform any act, when its performance has been left to his discretion and judgment.

If facts are pleaded which are insufficient in substance, or immaterial, they are not admitted by the demurrer to be true.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

Devin *vs.* Belt.

The cause was argued before MILLER, YELLOTT, ROB-INSON, IRVING, and BRYAN, J.

*Michael Bannon,* for the appellant.

*C. C. Magruder,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The Act of 1884, ch. 283, sec. 5, local in its appli-cation and designated as the high license law of Prince George's County, provides that, in addition to the usual license required by the State, all applicants for liquor licenses shall, before obtaining said licenses, pay to the clerk of the Circuit Court the sum of one hundred dollars for the use of the public roads of said county. The Act provides " that no spirituous or fer-mented liquors, or alcoholic bitters, shall be sold in any election district of said county except as provided for by section five," and it is further enacted, "that each and every applicant, person or persons, house, cor-poration, company or association shall be recommended to the said clerk by five respectable freeholders of his or their immediate vicinity, as a fit person to traffic in the article."

Having conformed with the provisions of this Act the appellant obtained licenses to sell liquor at his store-house in the town of Laurel, in Laurel district of Prince George's County, for the period of one year. The licenses were issued on the 1st of November, 1887. At its session of 1888 the Legislature of Maryland enacted a law submitting to the voters of Laurel district the question in relation to issuing licenses to sell liquor in that district after the 1st day of May in said year, and the majority of votes determined the question in favor of prohibiting the issuing of licenses in said district. On the first day of June, 1888, the appellant applied

to the clerk for transfers of his licenses to sell liquor, from Laurel to an adjoining district, claiming to be recommended by five respectable freeholders, living in the immediate vicinity of his new place of business. The transfers were refused by the clerk, who did not think that the appellant was recommended by five respectable freeholders living in his immediate vicinity. The record contains the recommendation of five persons who were unable to write, and therefore made their marks. The appellant then applied for a new State license. The clerk refused to grant a new license, because the appellant would not pay the $100 required by law. He also assigned this as one of his reasons for refusing to make the transfers. Upon this refusal the appellant applied for a writ of *mandamus* to compel the clerk to issue the new licenses or transfer the old licenses. The clerk filed his answer, the appellant demurred, and the demurrer was overruled. The appellant then filed a replication, to which there was a demurrer. This demurrer was sustained, and the Court passed an order dismissing the appellant's petition. From this order an appeal has been taken.

It does not seem to be necessary to consider and determine many of the questions presented by the argument of counsel, for it is an established principle, that a Court will not issue a *mandamus* to compel a public officer to perform any act when its performance has been left by the law-making department of the government to the discretion and judgment of the officer. In *State, ex rel. O'Neill vs. Register, et al.*, 59 *Md.*, 283, this Court decided, that when an act rests by statute in the discretion of any person, or depends upon the exercise of personal judgment, *mandamus* will not lie. This doctrine has been recognized and seems to prevail in all the States of this country. "As to all acts or duties necessarily calling for the exercise of judgment

Devin *vs.* Belt.

or discretion on the part of the officer or body at whose hands the performance is required, *mandamus* will not lie." *High on Extr. Rem.*, sec. 24; *State, ex rel. Exchange Bank vs. Board of Liquidators,* 29 *La. Ann.,* 264; *Post vs. Township of Sparta,* 31 *N. W. Rep.,* 535; *State vs. County Comm'rs,* 21 *Fla.,* 1; *Dalton vs. State,* 1 *W. Rep.,* 783.

The Clerk of Prince George's County, in the performance of a duty imposed on him by law, had to determine, before he issued a license, that the appellant was recommended by five persons; that those five persons lived in the immediate vicinity of his place of business; that they were freeholders; and that, although so ignorant and illiterate that they could not write their names, they were respectable freeholders. It is apparent that this question of respectability sometimes presents many difficulties. It was a duty incumbent on the clerk to solve this question, and he might not be able to arrive at a solution until after patient inquiry and the exercise of sound judgment and discretion. The granting or refusing a license therefore depended on the exercise of judgment and discretion, and a *mandamus* will not lie.

The appellant contends, that as he averred in his replication that he was recommended by five respectable freeholders in his immediate vicinity, the demurrer to the replication admits the truth of the averment. This argument is not supported by established principles. In *Brooke vs. Widdicombe,* 39 *Md.,* 400, the late Chief Judge BARTOL, in delivering the opinion of this Court, said:

"The answer avers that the petitioner was not legally elected to the office; but that the respondent actually received a plurality of the votes cast. * * * In the argument of the case it was earnestly insisted on the part of the appellant, that the effect of the

demurrer was to admit the facts thus stated in the answer; and consequently that the appellee is in the attitude of claiming an office, to which he admits by his pleading he was not legally elected. Such is not the legal effect of the demurrer. It is well settled, that a demurrer admits no other facts than those which are well pleaded. If facts are pleaded which are insufficient in substance, or immaterial, they are not admitted by the demurrer to be true; its office is to assert a legal proposition, that the pleading demurred to is insufficient in law to maintain the case shown by the adverse party."

From what has been said it follows that the order appealed from must be affirmed.

*Order affirmed.*