Madison *vs.* Harbor Board of Baltimore City, *et al.*

(Decided 2nd December, 1892.)

---

JOHN H. MADISON *vs.* THE HARBOR BOARD OF BALMORE CITY, and THE MAYOR and CITY COUNCIL OF BALTIMORE.

*Award of a Municipal contract—Review by the Court.*

The decision of the Harbor Board of Baltimore City in awarding a contract for dredging under an ordinance of the City, will not be reviewed by the Court unless it can be shown that there was fraud in making the award.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

Madison *vs.* Harbor Board of Baltimore City, *et al.*

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, and MCSHERRY, J.

*Edgar H. Gans*, and *Edward Otis Hinkley*, for the appellant.

*Thomas G. Hayes, City Counsellor*, for the appellees.

FOWLER, J., delivered the opinion of the Court.

John H. Madison, the appellant, filed a petition in the Superior Court of Baltimore City for a writ of *mandamus* to compel the Harbor Board of that city to award to him a certain contract for dredging, and to forbid it from doing any thing in pursuance of a contract alleged to have been erroneously awarded to the Baltimore Dredging Company.

Much was said, and some authorities were cited, in reference to a case where public officers are guilty of fraud in the exercise of their public functions. But this is not such case. No fraud is imputed to the members of the Harbor Board, and the charge in the petition is that said contract was not awarded to the petitioner, although he was the lowest bidder, and in all other respects was eligible under the provisions of the ordinance. This petition was answered by the Mayor and City Council, and certain individuals who constituted the Harbor Board. The petitioner filed three replications to this answer, and the defendants demurred to them. The Court below sustained the demurrer, and without stating at large the facts set forth in these various pleadings, we will proceed to consider briefly the one controlling and simple question raised by the demurrer, and which was most fully argued by counsel at bar, namely, whether the Commissioners of the Harbor Board are clothed with such a degree of official discretion in selecting bidders

as to place them beyond the control of Courts by *mandamus*.

The ordinance under which the Harbor Board acts and from which it derives its authority to select bidders for work in the harbor is Ordinance 44 of 1886, and the language used by it is, that the contract shall be "awarded to the lowest responsible bidder, provided the said bidder be * * * * *bona fide* engaged in the business of dredging."

We think it clear that a Board such as the one in question, with duties such as are imposed upon it by ordinance, must have a large degree of discretion in the exercise of its important functions. It would not occur to the ordinary mind that it was ever contemplated by the framers of the City ordinance from which the Board derives its powers and authority that it was not the tribunal which was finally to determine whether any particular person was an eligible bidder under the provisions of the ordinance. For if it were in the power of bidders for contracts to do municipal work to appeal from the decision of the Board without any allegation, or even suggestion of fraud, the Harbor Board would cease to be of any use, and all the questions it was intended to decide would be referred to the Courts. It is of much more importance that a public contract, like the one in question, should be promptly awarded and speedily executed with due regard to economy, than that any particular bidder should get the contract, *State, ex rel. &c. vs. Board of Education, &c.,* 24 *Wis.,* 683; *Commonwealth vs. Mitchell,* 82 *Pa. St.,* 343, and therefore it has been held by the great weight of authority that the public work shall not be delayed by appeals to the Courts of dissatisfied and disappointed bidders; but that the decision of public officers, like these Commissioners, upon questions such as those here involved shall not be reviewed by the Courts—unless it can be shown that such

public officers have been guilty of fraud in the exercise of their discretion. *High on Ext. Leg. Rem., sec.* 92, and authorities there cited.

And when fraud is established there is ample power in the Courts to protect both the individual bidder and the general public.

In order to sustain the proposition contended for by the appellant, namely, that the Commissioners are subject to control even in the fair and honest, though erroneous, exercise of their discretion in the selection of the lowest responsible bidder, a number of cases decided by the Supreme Court of Ohio were relied on. But Mr. *High* in his work on *Extraordinary Legal Rem.* questions the authority of these cases, even in the State where they were decided, and says that in Ohio "the decisions on this subject are far from harmonious, and the rule which they have attempted to establish has been so hedged about by limitations and conditions as to be of but little force." *High on Extr. Leg. Rem., sec.* 91. And after considering the cases just referred to, the author (section 92) continues, "The better doctrine, however, as to all cases of this nature and one which has the support of an almost uniform current of authority, is that the duties of officers entrusted with the letting of contracts for works of public improvements, to the lowest bidder, are not duties of a strictly ministerial nature, but involve the exercise of such a degree of official discretion as to place them beyond the control of Courts by *mandamus.* See also. *State, ex rel. vs. McGrath,* 91 *Mo.,* 386; *Commonwealth vs. Mitchell,* 82 *Pa. St.,* 343; *People vs. The Contracting Board,* 27 *N. Y.,* 378; *State, ex rel. vs. Commissioners of Shelby Co.,* 36 *Ohio,* 326; *Hoole vs. Kinkead,* 16 *Nev.,* 217; *People vs. The Contracting Board,* 33 *N. Y.,* 382, and *East River Gas-Light Co. vs. Donnelly, et al.,* 93 *N. Y.,* 557.

And the same general principle has been laid down by this Court in the recent case of *Devin vs. Belt,* 70 *Md.,* 352. We do not understand the appellant to deny this general rule as applicable to the cases in which it has been announced, but he contends that in this particular case the Commissioners have acted upon some erroneous view of the facts, or have founded their decision upon some insufficient ground.

This, however, is only another way of denying the right of the Board to exercise its discretion. If they honestly and fairly came to the conclusion that the appellant was not *bona fide* engaged in the business of dredging, it was their right, and their duty, to declare him ineligible as a bidder under the ordinance as it now stands—notwithstanding he may have been eligible in all other respects.

It follows, therefore, that the petition was properly dismissed, and that the judgment appealed from should be affirmed.

*Judgment affirmed.*