## PURNELL M. FOOKS *vs.* FRANCIS H. PURNELL.

*Liquor License Issuable at Discretion of Clerk of Court—Bill in Equity to Compel Issue—Form of Order Sustaining Demurrer to Bill.*

Local Code, Art. 24, directs that a license to sell liquor in Worcester County shall be issued by the Clerk of the Circuit Court only to persons possessing certain designated qualifications, and the Clerk is empowered to determine whether an applicant for a license has complied with the statutory requirements. Plaintiff's bill in this case alleged that he had complied with the provisions of the statute but that the Clerk had refused his application for a license, and asked a Court of equity to review the proceedings before the Clerk and direct him to issue a license. *Held,* upon demurrer, that since under the statute the issuing of a license depends upon the judgment of the Clerk as to the possession by the applicant of the prescribed qualifications and no appeal is given from his determination in the premises, the Court is without jurisdiction to grant the relief asked for in the bill.

When a demurrer to a bill in equity is ruled good, the proper order of Court is to sustain the demurrer with leave to the plaintiff to amend, and upon his failure so to do, to dismiss, the bill; but when upon sustaining a demurrer, the bill is at once absolutely dismissed, the plaintiff is not injured in a case where it is apparent that the Court is without jurisdiction to entertain the bill.

Appeal from the Circuit Court for Worcester County (LLOYD. J.)

The cause was submitted to the Court on briefs by:

*A. P. Barnes,* for the appellant.

*Robley D. Jones,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant is the proprietor of a house, called "The Victor Hotel," located in Snow Hill, Worcester County, and on the 14th day of June, 1904, applied to the Clerk of the Circuit Court for a license to sell spiritous and fermented liquors, according to the requirements of Article 24 of the Public

Local Laws, title Worcester County, as amended by ch. 411 of the Acts of 1896, regulating the granting of liquor licenses, for Worcester County.

The Act provides that no person in Worcester County, unless qualified as therein required shall obtain a license for the sale or barter of spirituous or fermented liquors in any quanity whatever. It provides who shall be deemed a hotel keeper, within the meaning of the Act, and empowers the Clerk of the Circuit Court for the county to determine whether the applicant for a license has complied with these requirements. And "whenever the provisions of the statute are fully complied with, it shall be the duty of the Clerk to issue to the applicant a license accordingly."

On the 14th day of June, 1904, the appellant applied to the Clerk of the Circuit Court for a license, alleging that he had complied with the provisions of the Act. The Clerk, however, refused to issue the license, but endorsed thereon "license refused" without assigning a reason therefor.

The appellant upon this refusal filed a bill, in the Circuit Court for Worcester County in equity, asking the Court to assume jurisdiction, review the proceedings had before the Clerk of the Court and direct a license to be issued according to his alleged rights, under the statute.

The appellee demurred to the bill and from an order of Court dismissing the bill, this appeal has been taken.

It is too clear, we think, to admit of dispute, that a Court of equity has no jurisdition to review the action of the Clerk, in refusing to grant a license as shown by the proceedings in this case.

The granting or refusing a license to sell liquor is a duty imposed by a special law upon the Clerk of the Circuit Court for Worcester County, and he is to determine whether the provisions of the Act have been complied with, by the applicants for the license. There is no appeal given by the statute and as this duty is one which calls for the exercise of judgment and discretion on the part of the Clerk, neither a Court of equity nor law, can review or control his decision, under the statute.

The case comes directly within the principle laid down in *Devin* v. *Belt*, 70 Md. 352, and *McCrea* v. *Roberts*, 89 Md. 239, where in the construction of somewhat similar statutes, this Court applied the well-settled rule that when a matter is confided to the discretion or judgment of a tribunal or an official, no writ of *mandamus* would lie to control the exercise of that discretion or to reverse a decision made in pursuance thereof.

Manifestly a Court of equity, would have no jurisdiction to entertain the complaint made by the bill here.    The cases of *Devin* v. *Belt* and *McCrea* v. *Roberts*, *supra*, are therefore conclusive of the questions raised on this appeal.

As to the plaintiff's contention that the Court below erred in dismissing the bill absolutely, we need only say, that as the case was heard on bill and demurrer, the proper order would have been demurrer sustained, with leave to amend, and upon failure to amend, bill dismissed.

But, as it is apparent, that the bill was probably dismissed for want of jurisdiction in the Court, and as the plaintiff was in no way injured thereby there can be no reason for reversing the order for the omission of the words "demurrer sustained" in the order of Court, as passed.

*Order affirmed, with costs.*

(Decided June 20th, 1905.)