602 A.2d 195

**C.N. ROBINSON LIGHTING SUPPLY COMPANY**

v.

**The BOARD OF EDUCATION OF HOWARD COUNTY, et al.**

No. 739, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Feb. 28, 1992.

**516** 

Alan J. Bloom, Towson, for appellant.

David C. Hjortsberg (Reese and Carney, on the brief), Columbia, for appellee, The Bd.

Susan D. Campbell, Baltimore, for appellee, Shephard Elec. Co.

Argued before WILNER, C.J., and CATHELL and MOTZ, JJ.

MOTZ, Judge.

Appellant, C.N. Robinson Lighting Supply Company ("Robinson"), appeals the order of the Circuit Court for Howard County (Sweeney, J.) granting the motion to dismiss of appellees, the Board of Education of Howard County ("the Board") and Shepard Electric Company, Inc. ("Shepard"). Although the complaint does state a claim for injunctive and declaratory relief, albeit barely, because the case is now moot we affirm the order of the court below dismissing it.

(i)

In the Spring of 1990, the Board invited bids on a lamp contract; among the timely bidders were Shepard and Robinson. The Board awarded the contract to Shepard. The contract commenced on August 1, 1990 and expired on July 31, 1991. On September 13, 1990, Robinson filed suit against the Board, claiming that it was the lowest responsible bidder for the contract and that, under Md.Educ.Ann. Code § 5–110(c), it should have been awarded the contract. The complaint sought a writ of mandamus directing the Board to award the contract to Robinson, and damages "in a reasonable amount." On November 19, 1990, the Board answered and moved for joinder of Shepard. The Circuit Court ordered the joinder.

On December 3, 1990, Robinson filed an amended complaint, adding Shepard as a defendant, and a request that the Board's contract with Shepard be declared void. The Board answered and moved to dismiss; Shepard also moved to dismiss. On January 18, 1991, Robinson filed a second amended complaint, alleging that in awarding the contract to another bidder, the Board acted "in abuse of its discretion." It further alleged that the Board's actions were "arbitrary, discriminatory, and abusive, since there was personal animosity between representatives of the Board of Education" and Robinson "as a result of a prior argument which occurred when the [Board] failed to promptly pay prior invoices to [Robinson] on an unrelated contract." In the second amended complaint, Robinson also requested "appropriate Injunctive or Declaratory Relief declaring the contract between the Board of Education and Shepard Electric [to] be void."[1] The Board and Shepard each moved to dismiss the second amended complaint.

After a hearing on the motions was postponed once at the request of Robinson, it was held on April 5, 1991. Five days later, the circuit court entered a written memorandum and order dismissing the complaint for failure to state a claim upon which relief could be granted. Robinson appeals. At the time of the hearing, Shepard had filed a motion for sanctions against Robinson; the trial court did not rule on this motion. On appeal, Shepard moves for sanctions in the amount of its attorneys' fees and costs for pursuing the appeal. The Board has moved to dismiss the appeal on the ground that it is now moot.[2]

---

1. At no time has Robinson alleged that the Board in any way violated any of Robinson's constitutional rights. Accordingly, we do not consider that question. *But see Douglas Higgins, Inc. v. Florida Keys,* 565 F.Supp. 126, 128–129 (S.D.Fla.1983) and cases discussed therein.

2. The Board has not asserted that Robinson, which sues only as a disappointed bidder (not as a citizen or taxpayer), lacks standing to bring this action. In light of the fact that the case is now moot, we do not reach the question. *But see,* 10 McQuillen, *Mun. Corps.,* § 29.-83.05 at 545 (3d ed. rev. 1990) (Generally, a "mere disappointed

(ii)

 Robinson relies on Md.Educ.Code Ann. § 5–110 as its sole ground for asserting that the lamp contract between the Board and Shepard must be declared void. In relevant portion, § 5–110 provides:

> (c) *Award of contract.—* ... a contract for the school building, improvements, supplies, or other equipment shall be awarded to the lowest responsible bidder who conforms to specifications with consideration given to:
>> (i) The quantities involved;
>> (ii) The time required for delivery;
>> (iii) The purpose for which required;
>> (iv) The competency and availability of the bidder; and
>> (v) The ability of the bidder to perform satisfactory service.

* * * * * *

> (e) *Contract in violation of section.—*A contract entered into or purchase made in violation of this section is void.

As Robinson points out, the requirement in § 5–110 that the Board award its contracts to the "lowest, responsible bidder" has long been recognized to be mandatory. *See, e.g., Hanna v. Board of Education of Wicomoco County,* 200 Md. 49, 53, 87 A.2d 846 (1952). It is, however, equally well-established that a governmental board acting pursuant to such statutes possesses a large measure of discretion in determining which bidder is the lowest responsible bidder eligible to receive the contract. *See, e.g., Maryland Pavement Co. v. Mahool,* 110 Md. 397, 72 A. 833 (1909); *Board of Education of Carroll County v. Allender,* 206 Md. 466, 475, 112 A.2d 455 (1954).

---

bidder" who fails to allege citizen or taxpayer status has "no standing to bring actions to forbid violations of competitive bid laws.") *See also Hanna v. Board of Education,* 200 Md. 49, 51, 87 A.2d 846 (1951) (plaintiffs are residents and taxpayers); *Biddison v. Whitman,* 183 Md. 620, 621, 39 A.2d 800 (1944) (plaintiff bidder brings suit "as taxpayer"); *Fuller Co. v. Elderkin,* 160 Md. 660, 663, 154 A. 548 (1931) (plaintiffs are taxpayers and one of the bidders).

In *Madison v. Harbor Board of Baltimore City,* 76 Md. 395, 396–8, 25 A. 337 (1892), the Court of Appeals held that in determining the lowest responsible bidder, board members are "clothed with such a degree of official discretion ... as to place them beyond the control of courts by mandamus ... unless it can be shown that such public officers have been guilty of fraud in the exercise of their discretion." In *Maryland Pavement Co. v. Mahool, supra,* the Court considered the lowest bidder's challenge of a governmental board's award of a contract to another. The Court stated that the case presented two issues for consideration, the second of which was:

Is not the letting of contracts by the Board of Awards, like the one in question, to the lowest bidder, in the absence of fraud, absolutely final and beyond the control of the Courts by mandamus?

110 Md. at 407, 72 A. 833. The *Mahool* court concluded that the answer to this question was "yes," reasoning:

As to the second proposition but little need be said. The subject has been frequently considered by this Court, and all the cases hold that when the awarding of a contract like the one here in question has been committed to a board, *in the absence of fraud or collusion, its decision is final and conclusive and cannot be controlled by the Courts.*

110 Md. at 409, 72 A. 833 (emphasis added). If *Madison* and *Mahool* were the final word on the subject, then Robinson's skeletal complaint, which alleged no fraud or collusion by the Board, might well be subject to dismissal for failure to state a claim upon which relief can be granted.

The principles and standards enunciated in *Madison* and *Mahool,* however, have been significantly expanded by the Court of Appeals. in subsequent cases. For example, in *Fuller v. Elderkin,* 160 Md. 660, 154 A. 548 (1931), when, at the behest of a disappointed bidder, a circuit court declared the city's award of the contract to another null and void, the Court of Appeals reversed, reasoning:

[W]here a body such as the board of awards, clothed with discretionary powers, acts within the power conferred by law and without taint of fraudulent, collusive, or arbitrary conduct, its conclusions, even if mistaken, are not reviewable by the courts. There is no question here of fraud *or abuse of discretion.*

*Id.* at 669, 154 A. 548 (emphasis added.) Similarly, in *Biddison v. Whitman,* 183 Md. 620, 628, 39 A.2d 800 (1944), the Court upheld a commission's award of a bid in the face of the complaint of an unsuccessful rival bidder, concluding:

The record in this case does not charge fraud on the part of the Commission in awarding these contracts, *and* its action in respect to appellant's bid was *not arbitrary or capricious.*

(emphasis added).

More recently, in *Baltimore v. DeLuca–Davis Co.,* 210 Md. 518, 124 A.2d 557 (1955), the Court described the proper standard of judicial review of an agency's determination of "lowest responsible bidder" as follows:

The Charter gives the Board the power and duty of determining the lowest responsible bidder. In that determination it has wide discretion and the courts will not control it or interfere except for *arbitrary or capricious exercise* or where there is collusion or fraud.

*Id.* at 533, 124 A.2d 557 (emphasis added). In *Board of Education of Carroll County v. Allender, supra,* upon which the Board places principal reliance, the court similarly held that "where there has not been any violation of a statute or ordinance," a local board of education, "in determining who is the lowest responsible bidder, has a wide discretion which will not be controlled by the courts *except for fraud, collusion, or arbitrary discrimination.*" 206 Md. at 475, 112 A.2d 455 (emphasis added).

▪ Thus, the Court of Appeals, in a series of cases, has made it clear that when boards or commissions are mandatorily required to award a contract to the "lowest respon-

sible bidder," they are invested with such a great deal of discretion that their decisions will not be reversed simply because they are mistaken. On the other hand, that discretion is not totally unbridled. Nor are the only limitations on it avoidance of fraud or collusion. Rather, a board's decisions are subject to judicial review and reversal if the board acts fraudulently or collusively or in violation of law or so arbitrarily as to have abused its discretion. Any less rigorous standard would permit a governmental agency to ignore with impunity the legislature's mandate that a contract be awarded to the "lowest responsible bidder."

As noted within, the complaint at hand contains *no* allegations of fraud or collusion by the Board.[3] It does, however, allege that Robinson was the lowest responsible bidder, that its bid conformed to the bid specifications and documents, that it provided the required bond, and that the Board, in awarding the contract to Shepard acted "in abuse of its discretion and in actions which were discriminatory." Although the complaint could have been more precise, in this era of notice pleading, we believe that these allegations are sufficient to state a claim. *See Lutz Appellate Printers, Inc. v. Commonwealth of Pennsylvania*, 485 Pa. 559, 403 A.2d 530, 533 (1979) (reaching similar conclusion that fraud and collusion are not the *sole* grounds for judicial inquiry into an award of a public contract to one that was not the lowest bidder). *See also* 10 McQuillen *Mun. Corps.* § 29.83 at 538 (3d ed. rev. 1990) ("McQuillen") (stating general standard of judicial review of award of contract to "lowest responsible bidder" as affirmance in absence of

---

**3.** Robinson's vague assertion that animosity existed between representatives of the Board and itself is insufficient to state a claim that the Board acted fraudulently or collusively. As pointed out by the trial court, Robinson "does not allege that the unnamed representatives are even those persons who may have had authority to speak or act for the Board in the contract at issue." Furthermore, Robinson makes no allegation which demonstrates a factual connection between this alleged animosity and the ultimate award of the contract.

**524**

"fraud, corruption *or* abuse of discretion").[4]

(iii)

▮ As noted at the outset, the contract· at issue here was a one-year contract which commenced on August 1, 1990 and expired by its own terms on July 31, 1991. For this reason, the Board asserts that the case is now moot. *See, e.g., Insurance Comm'r of State of Maryland v. Blue Shield of Maryland, Inc.,* 295 Md. 496, 456 A.2d 914 (1983) (order of insurance commissioner expires by its own terms so case moot); *Morris v. Weinberger,* 401 F.Supp. 1071 (D.Md.1975) (when thing sought to be prevented has been done and cannot be undone by an order of court case is moot). Robinson suggests only one reason why the case is not now moot, *i.e.,* its request for damages which it asserts is "a separate matter which should be remanded to the lower Court for testimony ... is not a moot issue."

The problem with this argument is that even assuming that the Board did, in this instance, abuse its wide discretion, Robinson would still have no cause of action for damages against the Board. McQuillen summarizes the law as follows:

Since the power of letting public contracts must be exercised for the benefit of the public and not of the bidder, generally an award of a contract to one other than the lowest bidder *does not entitle the lowest bidder to a recovery of damages from the municipality, nor to an action to recover profits* which the bidder might have made had his or her bid been accepted.

... *The rationale underlying this rule is that the authority for letting public contracts is derived for the*

---

**4.** Federal courts have also held that although the standard of review with respect to decisions made by contracting officers is "very narrow," it is not limited to fraud or collusion but whether the government's conduct was "arbitrary and capricious toward the bidder-claimant." *Old Dominion Dairy v. Secretary of Defense,* 631 F.2d 953, 954 (D.C.Cir.1980); *Keco Industries v. United State,* 492 F.2d 1200, 1208 (Cl.Ct.1974).

*public benefit and is not intended as a direct benefit to the contractor.* Therefore, the misfeasance of public officials in failing to award the contract to the lowest bidder should not be a source of vexation to the public by ... allowing recovery for lost profits to the aggrieved low bidder.

10 McQuillen, § 29.86 at 548–49 (emphasis added) (numerous citations omitted).

As the Pennsylvania Supreme Court pointed out, if the lowest bidder is permitted to maintain a cause of action for damages against the governmental body awarding the bid, "it would make the public body pay the difference between the lowest bid and the bid for which the contract was made and also the profit that the lowest responsible bidder would have made if the statute had not been violated." *R.S. Noonan v. York School District*, 400 Pa. 391, 394, 162 A.2d 623, 625 (1960). The *Noonan* court concluded that the taxpayers of a state should not be forced to shoulder this "double burden." *Id.* *See also Klinger v. City of Fayetteville*, 297 Ark. 385, 762 S.W.2d 388, 388–9 (1988).

There does not seem to be any Maryland case directly on point. It has long been established in Maryland, however, that public contracts are awarded to benefit the public, not any particular bidder, and so it is more important that they "should be promptly awarded and speedily executed than that any particular bidder should get the contract." *Madison v. Harbor Board of Baltimore, supra,* 76 Md. at 397, 25 A. 337. Precisely these sorts of concerns have led courts in other states to conclude that where, as here, the lowest bidder is not "diligent" in seeking to enjoin the public authority from awarding a contract to another, there is no inequity in finding the bidder has no cause of action for damages against the public body and so is without a remedy. *See, e.g., Gulf Oil Corp. v. Clark Co.*, 94 Nev. 116, 575 P.2d 1332 (1978). The *Clark* court explained:

A timely challenge is compatible with the public interest since it serves to force compliance with the purpose of the bidding procedure. After the project is completed, how-

ever, it is difficult to perceive how the public interest is served by investing the low bidder with a cause of action for damages. The public has already paid the difference between the lowest bid and the bid which was accepted. The taxpayer should not further be penalized.

*Id.* at 1334. *See also Sutter Bros. Const. v. City of Leavenworth,* 238 Kan. 85, 708 P.2d 190 (1985) and numerous cases cited therein; *Premier Construction Co. v. Board of Education of Chicago,* 70 Ill.App.3d 866, 27 Ill.Dec. 125, 388 N.E.2d 1088 (1962).

■ The rationale set forth in McQuillen's treatise and the cases cited in it and above in text is persuasive. We believe it compels the conclusion that an unsuccessful bidder in Maryland similarly has no cause of action for damages against a governmental body awarding a contract to a rival bidder. Accordingly, since all that survives in the present action is Robinson's claim for damages, the case is now moot. *See Attorney General v. Anne Arundel Co. School Bus Contractors Ass'n,* 286 Md. 324, 327, 407 A.2d 749 (1978) ("A question is moot if at the time it is before the court there is no longer any effective remedy which the court can provide").

■ Robinson asserts that even if the case is moot it should not be dismissed because "it presents an issue of public concern and importance ... which will likely rise again if not decided by this court." If there is "an imperative and manifest urgency to establish a rule of future conduct in matters of important public concern, which may frequently recur, and which, because of inherent time constraints, may not be able to be afforded complete appellate review," a court may decide a moot question. *Attorney General v. Anne Arundel Co., supra,* 286 Md. at 328, 407 A.2d 749. While this case does present a matter of public concern, the record here indicates no "imperative or manifest urgency to establish a rule of future conduct." Moreover, there seems to be no "inherent time constraints which would necessarily" preclude appellate review. If Robinson

had acted expeditiously, it could have obtained, or been denied, an injunction prior to the commencement of this contract. An expedited appeal could have been decided before the contract was three months old. Indeed, even after Robinson delayed filing the complaint, it was only its two amendments to the complaint and its request for a postponement of the hearing on the motion which prevented a speedier decision and appellate review. Thus, the "considerations which justify" a court "in deciding a moot case are not present" here. 286 Md. at 330, 407 A.2d 749.

(iv)

Finally, Shepard, which was joined as a party to this case subsequent to a motion for joinder filed by the Board, and not at the initiation of Robinson, asks for sanctions against Robinson. Even assuming that Shepard was an indispensible party, which is not at all clear, in light of our holding that Robinson's complaint did state a cause of action, there are no grounds for a finding that the complaint was filed or that this action was pursued by Robinson against Shepard in bad faith or without substantial justification. Accordingly, pursuant to our authority under Md. Rule 1–341, we deny Shepard's motion for sanctions.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.

CATHELL, J., concurs in the result only.