## THE STATE OF NEVADA EX REL. CHARLES A. LEAKE v. HENRY G. BLASDEL.

NINTH JUDICIAL DISTRICT CONSTITUTIONAL. The Act of March 12th, 1867, constituting Lincoln County the Ninth Judicial District (Stats. 1867, 129) is not in conflict with the constitutional clause (Art. VI, Sec. 5) which forbids the change or alteration of the boundaries of a judicial district during the incumbent Judge's term of office.

CREATION OF LINCOLN COUNTY. Lincoln County was unconditionally created by the Act of 1866, (Stats. 1866, 131) and as completely segregated from Nye County by the operation of that Act as it could be by legislative action.

Leake *v.* Blasdel.

NEW COUNTY WITHOUT SEPARATE GOVERNMENT. There may be a county without a government of its own; as happens when a new county, created out of another, continues to be attached to and controlled by the government of such other until its own government may be organized.

LINCOLN COUNTY FOR A TIME IN NO JUDICIAL DISTRICT. Lincoln County was created and made a part of the Fifth Judicial District by Act of February 26th, 1866, (Stats. 1866, 131). The next day, (Stats. 1866, 139) the Judicial Districts of the State were changed, and the Fifth District made to consist of Humboldt County, no provision whatever being made for Lincoln: *Held*, that Lincoln County was not included in any Judicial District after February 27th, 1866, until the taking effect of the Act of 1867, (Stats. 1867, 129) which made it the Ninth Judicial District.

EXPRESSIO UNIUS EXCLUSIO ALTERIUS. The Act of February 27th, 1866, designating the Judicial Districts of the State, distinctly provided that the Fifth District should consist of Humboldt County, and omitted all mention of Lincoln County, which had previously been attached to the Fifth District: *Held*, that such a designation was equivalent to an express declaration that no other county than Humboldt was included in the Fifth District.

This was an application for a mandamus, made to the Supreme Court April 2d, 1870. The petition, after setting forth the facts fully, and much as they are set forth in the opinion, proceeded to state that Governor Blasdel refused to issue a commission to the relator as Judge of the Ninth Judicial District, on the ground that the Act of March 12th, 1867, (Stats. 1867, 129) making Lincoln County the Ninth Judicial District, etc., in so far as it authorized the election of Judge Leake in 1868, was in conflict with Art. VI, Sec. 5 of the Constitution. The respondent demurred.

*A. C. Ellis*, for Relator.

*Robert M. Clarke*, Attorney-General, for Respondent.

By the Court, LEWIS, C. J.:

It is admitted that the relator was, at the general election held on the third day of November, A. D. 1868, elected District Judge for the Ninth Judicial District composed of the County of Lincoln; but a commission is refused him because it is claimed the Act creating that district was unconstitutional, and therefore that the position to which he was elected had no legal existence. The constitutional clause in question reads thus: " The Legislature may, however, provide by law for an alteration in the boundaries or divisions of the Districts herein prescribed, and also for increasing

4

or diminishing the number of Judicial Districts and Judges therein; but no such change shall take effect except in case of a vacancy or the expiration of the term of an incumbent of the office."

The laws touching the question are: 1st. An Act entitled " An Act to create the County of Lincoln and provide for its Organization," approved February 26th, A. D. 1866; the first section of which enacts that " all that portion of the State of Nevada within the following boundaries shall be the County of Lincoln;" then follows a specific designation of the boundaries. The second section declares: " Whenever a petition shall be presented to the Governor signed by three hundred or more citizens of said county, who shall be at the time of signing such petition registered voters, certified to be such by the clerk of the County of Nye—and it shall be the duty of the county clerk of said County of Nye to make out such certificate—praying for the organization of county government, he shall appoint and commission three persons, legal voters of said county, as county commissioners for said county, who shall immediately on receipt of their commissions qualify by administering to each of them the constitutional oath of office. They shall then elect of their own body a chairman, and then appoint all other necessary county and township officers, who shall qualify and enter upon the discharge of their respective official duties within ten (10) days after their appointments are certified to them.

" The county clerk so appointed may take the oath of office before the chairman of the board of commissioners, and the other officers before said clerk." The third section simply locates the county seat.

Section four provides: " If the county government of said county be organized early enough for the same to be done, said county shall be entitled to, and shall elect in conjunction with Nye County one senator, and one member of the assembly for said county alone. Said county shall be attached to Nye County for all county government purposes until its own is fully organized, and shall be a portion of the Fifth Judicial District until otherwise provided by law." (Statutes of 1866, 131.)

2d. On the following day (February 27th) an Act was approved, changing the Judical Districts of the State, the new County of

Lincoln being entirely omitted, and thus not included in any of the new districts nor created a district by itself: and the Fifth District, to which it was attached by the law creating it, (and which consisted of the Counties of Nye and Churchill) by the subsequent law is made the Seventh District. The law redistricting the State was not to take effect until the expiration of the term of the Judges then in office, which would occur on the first day of January, A. D. 1867, and thus no constitutional objection is urged against it. (Statutes of 1866, 139.)

3d. An Act amending the Act creating the County of Lincoln, making it the Ninth District, authorizing the Governor to appoint a Judge thereof, and organizing a county government. (Statutes of 1867, 129.)

It is also admitted that the relator was properly elected, if the County of Lincoln was in fact created by the Act of February 26th, A. D. 1866, and the commission should issue; but it is said it was not, because its creation was by the law itself made dependent upon a certain condition which never transpired. That is a petition by three hundred citizens of the county, asking the organization of a county government; consequently, that it remained a part of Nye County (from which it was intended to create it) and was so at the time of the general election in the fall of the year 1866, at which time a Judge was elected for the Seventh Judicial District, comprising the Counties of Nye and Churchill. Being thus a portion of the Seventh Judicial District, the law approved March 12th, A. D. 1867, constituting the County of Lincoln the Ninth Judicial District, is in conflict with the constitutional clause above referred to, because it changes the boundaries of the Seventh Judicial District during the Judge's term of office, who was elected in 1866.

The error in this position lies in the proposition that the creation of the County of Lincoln was made dependent upon the petition of citizens.

The *county* itself, as we understand the law, was unconditionally created by the Act, and as completely segregated from the County of Nye as it could be by legislative action. It will be observed that no condition whatever is attached to the first section, whereby the

Leake *v.* Blasdel.

county is created. It is simply declared that the described territory "shall be the County of Lincoln." Not at any future time— not upon the doing or happening of anything in the future—but upon the passage or approval of the law. The petition referred to in the second section is made a condition precedent to the organization of an independent county government only. This is the language, plain and unmistakable, of the section. A condition doubtless imposed to protect the people of the county from the burdens of a government of its own until its population should justify it. There may be a county without a government of its own, as is often the case ; hence, taking the language of the law without qualification or interpolation, but in its ordinary and correct signification, we find that the first section unconditionally creates the county, and the second provides the manner in which and the time when its *government* may be organized, until which time it is attached to Nye County and controlled by its government.

What, then, was the condition of things at the general election held in November, A. D. 1866 ? We find the Judicial Districts of the State changed, with the express provision that the Fifth District (of which Lincoln County previously formed a part) shall consist of the County of Humboldt. It cannot by any rule of construction be held that this new county still continued a portion of the Fifth District, when the law distinctly designated Humboldt as the county composing it. Such a designation is equivalent to an express declaration that no other county should be included with it. Lincoln County is not included in any of the other districts. The Counties of Nye and Churchill, to which it was previously attached, were made the Seventh District. Hence the Act of 1867, making Lincoln County the Ninth Judicial District, and providing for the appointment of a Judge therefor, in no wise conflicts with the constitutional clause above quoted, because the county was included in no district whatever at the election of District Judges in 1868. The election of the relator at the general election in that year was therefore under a constitutional and valid law ; and as no other defense is made to the issuance of his commission, the writ prayed for by him must issue. It is so ordered.

JOHNSON, J., did not participate in the foregoing decision.