# STATE Ex Rel. WICHMAN *v.* GERBIG

No. 3022

July 31, 1933.        24 P. (2d) 313.

*Thatcher & Woodburn,* for Respondent:

*Cooke & Stoddard,* for Relator:

## OPINION

By the Court, SANDERS, C. J.:

This action in quo warranto was commenced in this court in the name of the state, on the relation of John H. Wichman, as plaintiff and relator, against Oscar Gerbig, as defendant and respondent. The case is now before us upon the complaint and the general demurrer filed thereto. The facts out of which the case arises are, in brief, as follows: On and prior to March 28, 1933, the complainant was the duly elected, qualified, and acting county commissioner of Mineral County. On the date mentioned there was adopted and approved an act entitled "An Act providing for the withdrawal of, and severance of, certain townships and parts of townships from the county of Mineral, and the annexation and addition thereof to the county of Lyon." Stats. 1933, p. 335, c. 193. Following the lengthy preamble to the act, the first section thereof makes provision for the severance of the land and territory described therein from Mineral County and for its addition and annexation to Lyon County. The second section of the act provides the terms and manner of severance. Subdivision (h) of section 2 provides as follows: "Upon the passage and approval of this act the office of any county officer then residing in said portion of said Mineral County so severed therefrom and so attached to said Lyon County shall thereupon become vacant and the vacancy so caused thereby shall be filled in the manner provided by law for the filling of vacancies in such

office." At the time of the adoption and approval of the act John H. Wichman, as county commissioner of Mineral County, resided in and now resides in that particular portion of said county so severed therefrom and attached to Lyon County, whereby the office of county commissioner, under the provisions contained in subdivision (h), became vacant.

On, to wit, April 4, 1933, the governor of the State of Nevada appointed Oscar Gerbig county commissioner of Mineral County in the place and stead of John H. Wichman. On April 5, 1933, at a regular meeting of the board of commissioners of Mineral County, Wichman protested the appointment of Gerbig as county commissioner in his place and stead and was then and there denied the right to exercise the duties of said office. Upon this state of facts Wichman filed a complaint in this court praying judgment ousting Gerbig from said office, and that he be inducted into said office by mandate of this court upon the alleged grounds: First, that the said act of the legislature is unconstitutional; and, second, upon the ground that the governor of the State of Nevada has no right to fill a vacancy existing in the office of county commissioner. To this complaint Gerbig filed a general demurrer upon the ground that the complaint failed to state sufficient facts to constitute a cause of action, and upon the further ground that it appeared from the complaint that the relator had no interest in the maintenance of the action.

1, 2. It was alleged in the complaint that the act in question is in violation of section 17 of article 4 of the constitution, providing that each law enacted by the legislature shall embrace but one subject, and matters properly connected therewith. This tribunal in several cases has had occasion to say that while this section restricts the scope of each law to " 'one subject, and matters properly connected therewith,' it is only necessary in the title to express the principal subject embodied in the law, while the matters properly connected therewith are not required to be mentioned."

Humboldt County v. Churchill County Com'rs., 6 Nev. 30. It thus appears that it is only the subject of the act which must be stated in the title; matters properly connected with that subject need not be mentioned. If they are mentioned, it simply makes the title unnecessarily prolix, but does not constitute the connected matter a separate subject nor otherwise invalidate the law. State v. Board of Com'rs. of Humboldt County, 21 Nev. 235, 29 P. 974. Thus, the question raised is whether the subject of subdivision (h) of section 2 of the act is properly connected with the matter mentioned in the title. We are of opinion that it is. The vacancy in office as provided in subdivision (h) of section 2 is matter necessarily growing out of and induced by the severance of a portion of Mineral County and its addition to Lyon County.

3-5. It is alleged in the complaint that the act in question is in violation of section 26 of article 4 of our constitution, which states "the legislature shall provide by law for the election of a board of county commissioners in each county, and such county commissioners shall, jointly and individually, perform such duties as may be prescribed by law."

It is argued on behalf of the relator that because his office is elective under the constitution, it follows that the legislature cannot fill such office in the case of a vacancy occasioned by the provisions contained in subdivision (h) of section 2 of the statute. Offices that must be promptly filled by an election, in cases of emergency or special occasion, may be provided for temporarily by other means. The constitutional mandate does not apply where there is an emergency or special occasion calling for extraordinary action on the part of the legislature. State v. Arrington, 18 Nev. 412, 4 P. 735; State ex rel. Clarke v. Irwin, 5 Nev. 111. We recognize that where the constitution clearly enumerates the events that shall constitute a vacancy in a particular office, all others must be excluded. People v. Whitman, 10 Cal. 38. Section 4799 N. C. L. 1929 provides in part as follows: "Every office shall become vacant upon the occurring of either

of the following events before the expiration of the term of such office: * * * Sixth—The ceasing of the incumbent to be a resident of the state, district, county, city, or precinct in which the duties of his office are to..be exercised, or for which he shall have been elected or appointed." The legislature could not have more clearly stated what would occur in a case of this kind than it did by the above section. When the relator became .a resident of Lyon County he ceased to be a resident of .Mineral County, in which the duties of his office were to be exercised. Undoubtedly persons residing within the limits of .territory detached from an ·old and attached to another county cease to be residents of the former and become residents of the latter, and unless there is some provision in the act of severance modifying the apparent effect of the statute, as quoted, it would follow that the relator was legislated out of office. He was removed from Mineral County, not by his own volition, but by the act of the legislature. The result is ,the same, though the manner of accomplishment is different. School Dist. No. 116 v. Wolf, 78 Kan. 805, 98 P. 237, 20 L. R. A. (N. S.) 358.

6. It is contended on behalf of the relator that the act in question violates section 5 of article 6 of the constitution, relating to the change of boundaries of a judicial district. We are of the opinion that the act under review has no relation whatever to section 5 of article 6, which has for its object the protection of a judge in his office for the term for which he was elected.

7. It is alleged in relator's complaint and urged in argument in his behalf that the governor of Nevada had no power or authority to fill a vacancy in the office of county commissioner. We are not in accord with .this contention. Section 1935 N. C. L. 1929 provides as follows: "Any vacancy or vacancies occurring in any board of county commissioners shall be filled by appointment of the governor. * * *" It is argued on behalf ·of the relator that this particular section was repealed by the adoption and approval of the act of 1933 (Stats. 1933, c. 127), which provides, in substance, that when

any vacancy shall exist or occur in any county or township office, except the office of county judge, the board of county commissioners shall appoint some suitable person to fill such vacancy, until the next general election. We are unable to conclude that this statute repeals by implication or otherwise section 1935, which confers upon the governor the power and right to fill by appointment any vacancy or vacancies in any board of county commissioners.

The relator having failed to show any legal right to the office of county commissioner of Mineral County, a judgment of ouster of the defendant, Oscar Gerbig, from that office must be denied.

It is so ordered.

COLEMAN, J., concurring:

I concur in the order.

8. It is true, as contended, that a county commissioner is a constitutional officer and that he cannot be deprived of his office by an act of the legislature passed for that purpose; but when the legislature enacts a law which it is empowered to enact and it incidentally happens as one of the results of such legislation that a constitutional officer ceases to be a resident of the county for which he was elected, the act is nevertheless valid.

9. The legislature has the power to change the boundaries of a county. Pershing County v. Sixth Judicial Dist. Court in and for Humboldt County, 43 Nev. 78, 181 P. 960, 183 P. 314.

When it exercised this constitutional authority the petitioner ceased to be a resident of Mineral County and hence was no longer a commissioner of the county. This point was squarely determined in Conner v. Gray, 88 Miss. 489, 41 So. 186, 189, 9 Ann. Cas. 120, wherein the court said: "It is charged in the bill that the officers named will be deprived of some constitutional rights which they have to hold office. * * * The Constitution of the state stands as a whole, and all its provisions are to be construed together as one entirety. That section of the Constitution which provides for the creation

of new counties is a particular power granted to the Legislature, more far-reaching and greater in its effect upon the body politic than those provisions of the Constitution which provide for the districting of the county into beats and districts and providing for the terms of officers, and its exercise by the Legislature contains a necessary implication against anything contrary to it. The Legislature cannot legislate out of office any constitutional officer, where the purpose of the act is to accomplish this alone; but where the power is given to the Legislature by the Constitution to legislate upon any specific subject-matter, and in strict conformity to the power they do legislate, and it has the incidental effect of abolishing certain office holders holding office under the general provisions of the Constitution, those officers will be presumed to have been elected and to have accepted their offices in subservience to the power which existed in the Legislature, by the exercise of its constitutional power, to dispense with the office holders as the incidental effect of the passage of the act creating the new county."

The case of State of Ohio ex rel. Ives v. Choate, 11 Ohio, 511, is squarely in point. Choate was elected associate judge of Huron County, entered upon the duties of the office, and ever since had resided in the town of Milan. By act of the general assembly Milan was, after Choate's election and qualification, attached to Erie County, after which Ives was elected associate judge of Huron County and qualified as such. Choate persisting in holding the office, Ives instituted proceedings in quo warranto.

The court in disposing of the case said:

"The constitution of this state authorizes the general assembly to create new counties and to change or alter the boundaries of old ones. * * *

"What, then, is the effect of the commission which was granted to defendant, Choate? Did it authorize him to claim the office of judge for Huron county after his political connection with that community had ceased? Could he act as a conservator of the peace therein? The

constitution is mandatory, 'He shall reside therein.' No one could contend that a voluntary removal was not a forfeiture and resignation of his office. Indeed the legislature of this state have, by express enactment, declared that it shall be so held. Can it make any difference when this removal is effected by the exercise of a constitutional right of the general assembly and by an act of omission in the officer? It seems to us it can not."

To the same effect, see People v. Morrell, 21 Wend. (N. Y.) 563.

10. It is clear that the act is not violative of section 5, art. 6, of the constitution, prohibiting the change of the boundaries of a judicial district during the term of an incumbent. It is clear that the legislature is prohibited from changing the boundaries of a district only to the extent of increasing or diminishing such district in so far as county organizations are concerned.

11. The governor had authority to fill the vacancy mentioned, pursuant to section 1935 N. C. L., notwithstanding section 4813 N. C. L., as amended by chapter 127, Stats. 1933, authorizing the board of county commissioners to fill vacancies in county offices. The board of county commissioners of the various counties of the state consists of three members, and in case of a vacancy it can readily be seen that it would often happen that difficulty would arise in filling such vacancy by the two remaining members, hence the legislature enacted section 1935 N. C. L., authorizing the governor to fill such a vacancy. If it be claimed that the last-named section be a special statute, we may say that special statutes are interdicted in only special cases by section 20, art. 4, of the constitution; furthermore, we are not convinced that it is special in character. State of Nevada v. California Min. Co., 15 Nev. 234.