STATE BAR OF NEVADA, WASHOE COUNTY BAR ASSOCIATION, KENT R. ROBISON, AND OAK GROVE INVESTORS, PETITIONERS, *v.* ROBERT LIST, GOVERNOR OF THE STATE OF NEVADA, RESPONDENT.

No. 13359

August 13, 1981                                    632 P.2d 341

*Guild, Hagen & Clark,* Reno, for Petitioners.

*Allison, Brunetti, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City, for Respondent.

*Richard H. Bryan,* Attorney General, and *Donald Klasic,* Deputy Attorney General, Carson City, as Amicus Curiae.

## OPINION

*Per Curiam:*

Petitioners request this court to issue a writ of mandamus commanding the governor to declare vacant, NRS 3.080(1), two judgeships in the Second Judicial District Court created by NRS 3.012, as amended by 1981 Nev. Stats. ch. 286. The governor asserts that there are no vacancies to declare, on the ground that the increase in the number of judges in the Second Judicial District Court cannot take effect at this time under Nev. Const. art. 6, § 5.

Mandamus will lie to compel a public officer to perform an act "which the law especially enjoins as a duty resulting from an office," NRS 34.160. NRS 3.080(1) provides that "[t]he governor shall declare vacant the office of district judge." The terms of the statute are mandatory and admit of no discretion. The answer submitted by the governor concedes that the declaration required by NRS 3.080(1) is purely ministerial. Mandamus will therefore lie to compel the governor to perform this duty at the suit of any citizen instituted to enforce compliance with the law, State of Nevada v. Gracey, 11 Nev. 223 (1876), if the act creating the vacancies is constitutional. State v. Dickerson, 33 Nev. 540, 113 P. 105 (1910); *see also* Galloway v. Truesdell, 83 Nev. 13, 422 P.2d 237 (1967).

We hold that 1981 Nev. Stats. ch. 286, which makes NRS 3.012 effective immediately, is constitutional. Nev. Const. art. 6, § 5 provides in part:

> The Legislature may . . . provide by law for an alteration in the boundaries or divisions of the Districts herein pre-scribed, and also for increasing or diminishing the number of the Judicial Districts and Judges therein. But no such change shall take effect, except in case of a vacancy, or the expiration of the term of an incumbent of the Office.

We must construe this provision in light of its purpose, Lynip v. Buckner, 22 Nev. 426, 41 P. 762 (1895), which is to ensure the security of the district judges during their terms of office, *see* State ex rel. Wichman v. Gerbig, 55 Nev. 46, 24 P.2d 313 (1933); *see also* Brown v. Clark, 34 P.2d 17 (Wyo. 1934). The legislation before us clearly does not contravene this purpose. Rather, its effect will be to relieve the congested state of the Second Judicial District Court. *Cf.* State of Nevada v. Blasdel, 6 Nev. 40 (1870). Accordingly we decline to declare NRS 3.012, as amended by 1981 Nev. Stats. ch. 286, unconstitutional.

We therefore direct the clerk of this court to issue a writ of mandamus, forthwith, commanding the respondent governor of Nevada to declare vacant two district court judgeships in the Second Judicial District Court. NRS 3.080(1).

It is so ORDERED.