An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA, LOCAL UNION
NO. 169; AND JOSEPH R. MACIEL,
Appellants,
vs.
TRUCKEE CARSON IRRIGATION
DISTRICT,
Respondent.

No. 60528

**FILED**

APR 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for a writ of mandamus or prohibition concerning a public works project. Third Judicial District Court, Lyon County; William Rogers, Judge.

In October 2011, respondent Truckee Carson Irrigation District (TCID) solicited bids from qualified contractors for a public works project on the Truckee Canal. Out of six bidders, A&K Earthmover submitted the prevailing bid and was awarded the contract. Although one bidder, K.G. Walters, informally questioned whether A&K Earthmovers had properly complied with the subcontractor listing requirements of NRS 338.141, neither it nor any other bidder submitted a formal notice of protest under NRS 338.142. Nevertheless, appellants Laborers' International Union of North America, Local Union No. 169, party to a collective bargaining agreement with K.G. Walters, and Joseph R. Maciel, a Union member, petitioned the district court for a writ of mandamus or prohibition, asserting that all bids besides that of K.G. Walters violated

14-13030

NRS 338.141 and seeking to compel rejection of those bids. TCID filed a motion to dismiss the writ petition, which the district court granted upon determining that the Union and Maciel lacked standing and that the bid was properly awarded to A&K Earthmover.

The Union and Maciel appeal, contending that they have standing because Union employees, including Maciel, would likely have been employed on the project if noncompliant bids were rejected and the only responsive bidder, with whom the Union has a collective bargaining agreement, were chosen instead. The Union and Maciel also point out that the public works statutes are intended to promote the public's interest in securing competition, preserving public funds, and protecting against corruption. They argue that, as citizens and taxpayers who would likely have benefitted from K.G. Walters' selection as the responsive bidder, they should be allowed to pursue the public's interest in ensuring that the public works statutes are strictly complied with here. TCID disagrees, noting that the project has been completed and arguing that neither the Union nor Maciel would be directly benefitted by the issuance of the writ, and that they are not proper parties to pursue any remedy on the public's behalf. We agree with TCID and conclude that the district court did not err.

*The Union and Maciel lack standing*

A writ of mandamus is available to compel a legal duty to act. NRS 34.160. A writ of prohibition is available to arrest the exercise of extra-jurisdictional judicial functions. NRS 34.320. To obtain either type of writ relief, however, petitioners must demonstrate that they are beneficially interested in the relief sought. *Heller v. Legislature of Nev.*,

120 Nev. 456, 460-61, 93 P.3d 746, 749 (2004); *see* NRS 34.170; NRS 34.330. Beneficial interest exists when the petitioners have a "'direct and substantial interest that falls within the zone of interests to be protected by the legal duty asserted.'" *Heller*, 120 Nev. at 461, 93 P.3d at 749 (quoting *Lindelli v. Town of San Anselmo*, 4 Cal. Rptr. 3d 453, 461 (Ct. App. 2003)). In other words, "'the writ must be denied if the petitioner will gain no direct benefit from its issuance and suffer no direct detriment if it is denied.'" *Id.* (quoting *Waste Mgmt. of Alameda Cnty., Inc. v. Cnty. of Alameda*, 94 Cal. Rptr. 2d 740, 747 (Ct. App. 2000), *disapproved of on other grounds by Save the Plastic Bag Coal. v. City of Manhattan Beach*, 254 P.3d 1005, 1013 (Cal. 2011)). Although we typically review district court orders denying writ relief for abuse of discretion, whether the Union and Maciel have standing is a question of law, *Arguello v. Sunset Station, Inc.*, 127 Nev. ___, ___, 252 P.3d 206, 208 (2011), which we review de novo. *Clark Cnty. v. S. Nev. Health Dist.*, 128 Nev. ___, ___, 289 P.3d 212, 218 (2012).

The Union and Maciel argue that they had standing because the potential for employment of Union workers gave them a beneficial interest in the enforcement of NRS 338.141. But this is a speculative, rather than direct and substantial interest. And it is derivative of the prime contractor's interest in being awarded the public works contract, an interest which the contractor itself has decided not to pursue. Moreover, the purported benefit of Maciel's and the Union members' future employment is beyond NRS 338.141's zone of interests. Bidding statutes, such as NRS 338.141, do not seek to serve subcontractors or union

members who desire employment. They protect the public by promoting competition, preserving public funds, and preventing corruption. *Gulf Oil Corp. v. Clark Cnty.*, 94 Nev. 116, 118-19, 575 P.2d 1332, 1333 (1978). Accordingly, with regard to potential employment, the Union and Maciel have demonstrated no beneficial interest in personally obtaining writ relief here.

Although the Union and Maciel argue that they should be allowed to pursue this matter on behalf of the public's interest in promoting fair competition and preserving taxpayer funds, we have recognized standing to obtain relief on behalf of the public only in limited circumstances. *See, e.g., Citizens for Cold Springs v. City of Reno*, 125 Nev. 625, 629-32, 218 P.3d 847, 849-52 (2009) (providing that citizens had standing to challenge a land annexation under NRS 268.668 because the *statute* provided that "any person . . . claiming to be adversely affected" by an annexation can challenge it); *State Bar of Nev. v. List*, 97 Nev. 367, 368, 632 P.2d 341, 342 (1981) (allowing citizens to challenge the governor's failure to comply with the law); *City of Las Vegas v. Cragin Indus., Inc.*, 86 Nev. 933, 935-37, 939-40, 478 P.2d 585, 587-88, 589 (1970) (recognizing citizens' taxpayer standing to challenge the placement of above-ground electrical wires within their taxing district), *disapproved of on other grounds by Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 955-56 n.7, 35 P.3d 964, 969 n.7 (2001), *abrogated by Horgan v. Felton*, 123 Nev. 577, 586, 170 P.3d 982, 988 (2007); *Blanding v. City of Las Vegas*, 52 Nev. 52, 74, 280 P. 644, 650 (1929) ("A taxpayer cannot . . . maintain [an action] where he has not sustained or is not

threatened with any injury peculiar to himself as distinguished from the public generally . . . ."); *State ex rel. Piper v. Gracey*, 11 Nev. 223, 230 (1876) (discussing citizen standing in dicta but finding that the petitioners had a direct and substantial interest in the relief sought).

While the Union and Maciel contend that their rights as citizens and taxpayers were adversely affected by virtue of the project being awarded to A&K Earthmovers, whose bid allegedly did not comply with NRS 338.141(1)-(3), they neither sufficiently show how such rights were actually harmed nor address the existence of the conditions that would have triggered the various requirements for a bid to include the specific information that NRS 334.141(1)-(3) mandates. *See* NRS 334.141(1)-(3) (2011) (amended 2013) (requiring bids to contain certain information when particular conditions exist). Nor do they persuade us that a decision by this court could impact such rights given the fact that this dispute concerns a statute that has since been amended, *see* 2013 Nev. Stat., ch. 487, § 6, at 2970-71, and a project that has been completed by a bidder whose bid identified that it would "be performing the [w]ork under this [c]ontract."

Despite the Union's and Maciel's argument that redress is unavailable if they are not allowed to challenge the award, that is so only because the parties allowed to bring a challenge by NRS 338.142 have not done so, not because there is no means to do so at all. As a result, we conclude that the circumstances do not warrant the recognition of standing.

Accordingly, we conclude that the district court did not err in determining that the Union and Maciel lacked standing.[1] Thus, we ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                    Hardesty

_____, J.          _____, J.
Parraguirre                                  Douglas

_____, J.          _____, J.
Cherry                                       Saitta

cc:  Hon. William Rogers, District Judge
     Laurie A. Yott, Settlement Judge
     Michael E. Langton
     Rands & South
     Third District Court Clerk

_____

[1]We have considered the remaining contentions on appeal and conclude that they lack merit. Although we directed the parties to show cause why this appeal should not be dismissed as moot and to address whether an exception to the mootness doctrine applies, we need not reach those issues, given our conclusion that the Union and Maciel lack standing.