[No. 1,084.]

S. F. HOOLE, RELATOR, v. JOHN H. KINKEAD, GOVERNOR, ET AL., BOARD OF COMMISSIONERS FOR THE CARE OF THE INSANE, RESPONDENTS.

LOWEST RESPONSIBLE BIDDER—STAT. 1881, 59, CONSTRUED.—In providing for the erection of an insane asylum, the statute declared that the board of commissioners might adopt or reject any and all bids not deemed reasonable or satisfactory, but in determining bids for the same work or material, the lowest responsible bid shall be taken: *Held*, that the provision for the lowest responsible bid is mandatory; but in ascertaining whether

or not a bidder was responsible, the board was required to deliberate and decide, and in doing so they exercised judicial functions.

IDEM—PECUNIARY ABILITY AND SKILL OF CONTRACTOR TO BE CONSIDERED.— In deciding upon the responsibility of bidders it was the duty of the board to consider their pecuniary ability to perform the contract and to ascertain which ones, in point of skill, ability, and integrity, would be most likely to do faithful, conscientious work, and to fulfill the terms of the contract.

MANDAMUS—JUDICIAL FUNCTIONS.—A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to exercise its judgment; and where it is vested with power to determine a question of fact, the duty is judicial, and however erroneous its decision may be, it can not be compelled by mandamus to alter its determination.

APPLICATION for mandamus.

The facts are stated in the opinion.

*Thomas E. Haydon*, for Relator:

I. A statute that imposes a duty and gives the means of performing it is mandatory. (*Veazie* v. *China*, 50 Me. 518; *Boren* v. *Commissioners*, 21 Ohio, 321 *et seq.*; 19 Id. 97, especially 108, 109; *People* v. *Contracting Board*, 46 Barb. 256.)

II. Statutory requisitions are deemed directory, only when they relate to some immaterial matter, where a compliance is a matter of convenience rather than substance. (Sedg. on Stat. and Con. Law, 321; *People* v. *Schermerhorn*, 19 Barb. 540; *Steel* v. *Steel*, 1 Nev. 27; *Corbett* v. *Bradley*, 7 Id. 106.)

III. The will of the legislature, clearly ascertained, should control. (*Bartlett* v. *Morris*, 9 Porter (Ala.), 268–9; *Thorpe* v. *Schooling*, 7 Nev. 17; *Odd Fell. Sav. Bank* v. *Quillen*, 11 Id. 109.)

*M. A. Murphy*, Attorney General, and *W. E. F. Deal*, for Respondent:

I. This court will not issue the writ of mandamus where it appears upon the face of the petition that the commissioners have awarded the contract. (Moses on Mandamus, 53; *Treadway* v. *Wright*, 4 Nev. 119; High. on Injunction, sec. 32, *et seq.*, sec. 44; *County Court of Warren* v. *Daniel*, 2 Bibb. (Ky.) 573; *People* v. *Contracting Board*, 27 N. Y. 380; 33 Id. 382; *State* v. *Board of Education*, 24 Wisc. 683.)

II. One who sues for the writ of mandamus must have some well-defined right to enforce, which is specific, complete, and legal, and for which there is no other legal remedy. (*Commonwealth* v. *Mitchell*, 82 Pa. St. 343; *People* v. *Aldermen*, 11 Abb. Pr. 289; *People* v. *Smith*, 12 Id. 133; *People* v. *Hayt*, 66 N. Y. 606; *State* v. *Mayor*, 35 N. J. L. 396.)

By the Court, LEONARD, C. J.:

Under the statute of this state, passed at the last session of the legislature (Stat. 1881, 59), respondents invited proposals for the erection of an insane asylum at Reno, according to plans and specifications previously adopted. Bids were presented by different parties, and among them were those of plaintiff, offering to furnish all materials and do all the work for the completion of the buildings, for the sum of fifty-two thousand dollars, and of certain citizens of Reno offering to furnish the same materials, and do the same work, for the sum of sixty thousand dollars. After a careful examination, upon the knowledge of the commissioners and evidence received touching the responsibility of the several bidders and their sureties, the contract was awarded to the citizens of Reno, last named, for the sum of sixty thousand dollars, upon the ground that theirs was the lowest responsible bid. Plaintiff has applied to this court for a peremptory writ of mandamus to compel respondents to cancel the award made as aforesaid, and to award said contract to him as the lowest responsible bidder.

In their answer, respondents deny that plaintiff's bid was the lowest responsible bid, and allege that the bid accepted, the citizens' bid, was such. They deny that plaintiff can build the buildings specified in the plans and specifications for the sum of fifty-two thousand dollars, or that he has the requisite credit or means to build the same for less than about sixty thousand dollars. They deny that all the sureties upon the bond offered by the plaintiff can qualify for the sums they propose to become sureties for, on said bond, under the several exactions of the law respecting property exempt from execution, or over and above all their debts and liabilities. They deny that plaintiff's bid is reasonable

or satisfactory, or that it is entirely or in any way responsible.

They allege that all bids offered were carefully considered with reference to the responsibility of the sureties offered, and as to whether said bids were made in good faith with the purpose of erecting said buildings according to the plans and specifications; that from the testimony of skilled experts, they ascertained that they could not be accordingly erected for less than fifty-eight thousand dollars; that after laborious examination and inquiry they came to the conclusion that the so-called "citizen's bid" was the lowest responsible bid, and that, therefore, they awarded the contract to the persons named therein. They also allege that, after examination, they considered the bids of Gross & Scroggins, and William Thompson, lower responsible bids than plaintiffs. They aver that, in awarding said contract they have strictly complied with the statute under which they derived their powers; that they have acted according to their best judgments, for the best interest of the state, and with due regard to the legal rights of the bidders.

It is neither alleged nor claimed that, respondents have not acted in entire good faith. Neither fraud nor negligence is urged against them; nor is it asserted, in any way, that they have been guilty of the exercise of favoritism. It follows that, at most, their fault is an error in judgment in determining that the bid for sixty thousand dollars is the lowest *responsible* bid.

Section 5 of the statute referred to provides that, "said board may adopt or reject any and all bids not deemed reasonable or satisfactory, but in determining bids for the same work or material, the lowest responsible bid shall be taken."

The provision that they shall take the lowest responsible bid is mandatory, and they had no power or authority to accept any other, but in ascertaining whether or not a bidder was responsible, they were required to deliberate and decide, and in doing so, they exercised judicial, not ministerial, functions.

And in deciding upon the responsibility of bidders, it

was their duty to consider not only their pecuniary ability to perform the contract, but it was their right and duty to inquire and ascertain which ones, in point of skill, ability, and integrity, would be most likely to do faithful, conscientious work and fulfill the contract promptly, according to its letter and spirit. In *Commonwealth* v. *Mitchell*, 82 Pa. St. 349, a case similar to this, and under a statute requiring a contract for stationery, etc., to be given to the "lowest responsible bidder," the court thus forcibly expresses itself: "It is scarcely open to doubt, but that the word under consideration (responsible), as used in the statute, means something more than pecuniary ability. In a contract, such as the one in controversy, the work must be promptly, faithfully, and well done; it must, or ought to be, conscientious work. To do such work requires prompt, skillful, and faithful men. A dishonest contractor may impose work upon the city, in spite of the utmost caution of the superintending engineer, apparently good, and even capable of bearing its duty for a time, which in the end may prove to be a total failure, and worse than useless. Granted, that from such a contractor pecuniary damages may be recovered by an action at law; that is, at best, but a last resort that often produces more vexation than profit—a mere patch upon a bad job; an exceedingly meager compensation, at best, for the delay and incalculable damage resulting to a great city from the want of a competent supply of water. The city requires honest work, not lawsuits. Were we to accept the interpretation insisted upon by the relators, the difference of a single dollar, in a bid for the most important contract, might determine the question in favor of some unskillful rogue, as against an upright and skillful mechanic. Again, we know that, as a rule, cheap work and cheap workmen are but convertible terms for poor work and poor workmen, and if the city, for the mere sake of cheapness, must put up with these, it is indeed in a most unfortunate position. * * *

Agreeing then, as we do, with the common pleas, that the duty imposed upon the respondents was deliberative and discretionary, we must also admit the conclusion reached by

that court, to wit: That the writ of mandamus will not lie. For it is settled beyond controversy that, where the complaint is against a person or body that has a discretionary or deliberative function to exercise, and that person or body has exercised that function, according to the best of his or its judgment, the writ of mandamus will not be granted to compel the undoing of that which has been done.

A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to exercise its judgment; and where it is vested with power to determine a question of fact, the duty is judicial, and however erroneous its decision may be, it can not be compelled by mandamus to alter its determination. Such has been the uniform decision of this and other courts. Where no discretion is given to an officer or body, mandamus lies to enforce a performance of the specific act required; but it is otherwise when the duty imposed requires deliberation and decision upon facts presented. It was for the board in this case to determine the lowest *responsible* bidder. They had no right to accept the lowest bid if they were not satisfied with the responsibility of the bidder, according to the definition of the word "responsible" given above. They had the right to reject plaintiff's bid, and such was their duty, if, after examination, it was not, in their best judgment, the lowest responsible bid. The testimony before us is ample to show that, the board acted conscientiously, after faithful examination of all facts within their reach touching the questions here discussed, and their decision can not be disturbed in this proceeding. Mandamus denied, with costs against plaintiff.