THE DOUGLAS COUNTY BOARD OF COUNTY
   COMMISSIONERS, MARVIN SETTELMEYER,
   HERBERT DRESSLER, AND CLYDE A. PLIMP-
   TON, CONSTITUTING THE MEMBERS OF SAID BOARD,
   APPELLANTS, *v.* BJARNE PEDERSON, RESPOND-
   ENT.

No. 4465

March 7, 1962                                   369 P.2d 669

*Carl F. Martillaro,* District Attorney, Douglas County,
for Appellants.

*Laxalt and Laxalt,* of Carson City, for Respondent.

## OPINION

By the Court, Thompson, J.:

The appellants will be referred to as the "Board," and the respondent as "Pederson."

Pederson sought a writ of mandamus in the district court to compel the Board to accept his bid and award him a contract for the construction and paving of a road in Douglas County. He contended that he was the "lowest responsible bidder" within the meaning of NRS 403.490(5).[1] He does not assert that the Board acted fraudulently or in bad faith. He contends only that its conduct in rejecting his bid and awarding the contract to the next lowest bidder was arbitrary, capricious, and amounted to an abuse of discretion. The Board conceded that Pederson's bid was the lowest bid submitted, but denied that he was the lowest *responsible* bidder.

During the course of trial it became apparent that the road job had been substantially completed by the party to whom the Board had awarded the contract. Accordingly, the trial court permitted Pederson to amend his petition for a writ of mandamus, to request

---

[1]NRS 403.490(5) reads in part, "The board of county highway commissioners shall award the contract to the lowest responsible bidder. * * *"

Though the petition and answer erroneously assumed that NRS 244.315 was the applicable statute, on appeal it became clear that NRS 403.490 is the statute under which the Board acted.

damages. NRS 34.270. At the conclusion of trial, that court found that Pederson's bid was the lowest bid, that he was the lowest responsible bidder, and concluded that the Board had abused its discretion when it rejected such bid. Damages in the amount of $4,600, representing the normal anticipated profit to Pederson, had he been awarded the contract, were allowed by the court, and judgment for that amount was thereafter entered. The Board appeals.

The central question posed for our determination is whether mandamus is available to Pederson under the circumstances here presented.[2] In 1881, the same basic problem was before this court in Hoole v. Kinkead, 16 Nev. 217. It was there held that the determination of whether a bidder was "responsible" was a judicial and not a ministerial function; deliberation was required and discretion was to be exercised. For that reason the court said, "A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to exercise its judgment; and where it is vested with power to determine a question of fact, the duty is judicial, and however erroneous its decision may be, it can not be compelled by mandamus to alter its determination. Such has been the uniform decision of this and other courts. Where no discretion is given to an officer or body, mandamus lies to enforce a performance of the specific act required; but it is otherwise when the duty imposed requires deliberation and decision upon facts presented. It was for the board in this case to determine the lowest *responsible* bidder. They had no right to accept the lowest bid if they were not satisfied with the responsibility of the bidder, according to the definition of the word 'responsible' given above. They had the right to reject plaintiff's bid, and such was their duty, if, after examination, it was not, in their best judgment, the lowest responsible bid. The testimony

---

[2]Pederson concedes that the award of damages is incidental to his right, if any, to a writ of mandate; that if he was not initially entitled to the latter, the judgment for damages is invalid.

before us is ample to show that, the board acted conscientiously, after faithful examination of all facts within their reach touching the questions here discussed, and their decision can not be disturbed in this proceeding."

Of interest also is dictum in Reno Water, Land & Light Company v. Osburn, 25 Nev. 53, 66, 56 P. 945, 946, an injunction suit, where the court said: "Under provisions requiring proposals to be awarded to the lowest responsible bidder, the board or officer charged with the award has no discretion, *except as to the responsibility of the bidder* * * *."[3] [Italics ours.]

Hoole v. Kinkead, supra, appears to be in accord with the clear weight of authority. Annot., 80 A.L.R. 1382. Pederson candidly acknowledges this to be true. However, he seeks to dispose of that case by urging that the scope of mandamus has been extended by the opinion of this court in City of Henderson v. Henderson Auto Wrecking, Inc., 77 Nev. 118, 359 P.2d 743. In that case, we affirmed the district court's judgment that a peremptory writ of mandamus should issue to require the city council to grant petitioner a use permit and business license for the operation of a wrecking yard. The council had denied such permit without any investigation, inquiry, or evidence to support its action, and against the recommendation of the planning commission, twice made, that the use permit be granted. Under such circumstances there was a manifest abuse of discretion. Indeed, it could properly be said that the discretion contemplated by law had not been exercised at all. The council had acted arbitrarily and capriciously.

The instant case is quite different. The Board, before voting to reject Pederson's bid, appointed a committee composed of a county commissioner, the county engineer, and the county road foreman to inquire about

---

[3]The performance bond required by NRS 403.490(5) does not compel the conclusion that a bidder is "responsible," as such provision for security is merely one factor in determining responsibility. Annot., 86 A.L.R. 131; see also Hoole v. Kinkead, supra.

Pederson's responsibility. The inquiry disclosed that Pederson was not a "prequalified" contractor with the State highway department, though such prequalification was not required as a condition precedent to the award of a county road contract; that Pederson's foreman, who presumably would oversee the job, was not reliable; that a former partner of Pederson spoke disparagingly of him; hearsay, that Pederson had previously experienced trouble with a job at Carson City; hearsay, that Pederson's foreman, while inebriated, said that "his bid was low and that they were out to get the county."[4]

Nonetheless, Pederson argues that the information obtained by the committee does not constitute the sound, competent, probative evidence required to sustain the Board's action in rejecting his bid. The Board's inquiry is not limited by the common law or statutory rules of evidence, or by technical or formal rules of procedure. Indeed, NRS 403.490 does not provide for a hearing at all. It does vest a discretion in the Board to determine whether the lowest bid submitted, was submitted by the lowest responsible bidder. In our view, there was some legal evidence to support the Board's action. It is conceded that it acted conscientiously and in good faith. It exercised its discretion *after* inquiry and investigation. Such did not occur in City of Henderson v. Henderson Auto Wrecking, Inc., supra. Therefore, we believe that Hoole v. Kinkead, supra, controls the disposition of this case.

Other questions of significance were presented for our consideration. Is Pederson a "party beneficially interested," NRS 34.170, and entitled to apply for a writ of mandamus, or was NRS 403.490 enacted solely for the benefit of the public, with the result that a low bidder has no claim for relief if not awarded the contract?

[4]During trial, additional evidence was offered, primarily by Pederson and witnesses supporting him, to establish his competency and responsibility. Such information, however, was not before the Board when it rejected his bid. Only the information upon which the Board acted is material to our inquiry. Cf. McKenzie v. Shelly, 77 Nev. 237, 362 P.2d 268; Nevada Tax Commission v. Hicks, 73 Nev. 115, 122, 310 P.2d 852, 856.

Did Pederson have a plain, speedy, and adequate remedy in the ordinary course of law, NRS 34.170? Does the provision of NRS 403.490 (6) "may reject any and all bids and advertise anew" suggest that the only recourse available to one beneficially interested is to compel a readvertisement for bids? We mention such questions solely to indicate that legislative reappraisal may be desirable.

Reversed.

BADT, C. J., and McNAMEE, J., concur.