GULF OIL CORPORATION, A CORPORATION, AND INDUS-TRIAL ASPHALT, A DIVISION OF GULF OIL CORPORATION, ET AL., APPELLANTS, v. CLARK COUNTY, NEVADA, A POLITICAL SUBDIVISION, RESPONDENT.

No. 9421

March 15, 1978                                    575 P.2d 1332

*Vargas, Bartlett & Dixon,* of Las Vegas, for Appellants Gulf Oil and Industrial Asphalt.

*Pat J. Fitzgibbons,* of Las Vegas, for the other appellants.

*George E. Holt,* District Attorney, and Thomas R. Severns and *Victor W. Priebe,* Deputy District Attorneys, Clark County, for Respondent.

[2]The Chief Justice designated Hon. David Zenoff, Chief Justice (Retired), to sit in this case. Nev. Const., art. 6, § 19; SCR 244.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from summary judgment in favor of Clark County in an action by the low bidder to recover damages for the failure of the Clark County Commissioners to accept its bid for the McCarran Airport Improvement Project. Originally, the action was to enjoin the Commissioners from awarding the contract to another bidder, and to compel them to contract with plaintiff who had submitted the lowest bid.[1] However, such relief was not diligently pursued, and by the time of submission to the court the project was completed by the party to whom the Commissioners had awarded the contract. Consequently, the court allowed amendment of the complaint to request damages. Whether a low bidder who is not awarded the contract has a cause of action for damages is the issue for our decision.[2]

---

[1]Elsewhere, the remedies of injunction and mandamus are available to compel compliance with public contract award procedures. Carpet City, Inc. v. Stillwater Municipal Hosp. Auth., 536 P.2d 335 (Okla. 1975); Federal Electric Corporation v. Fasi, 527 P.2d 1284 (Haw. 1974); City of Phoenix v. Wittman Contracting Co., 509 P.2d 1038 (Ct.App.Ariz. 1973); City of Inglewood-L.A. Cty. Civ. Ctr. v. Superior Court, 500 P.2d 601 (Cal. 1972). Whether such relief is available in Nevada is not settled. See: Hoole v. Kinkead, 16 Nev. 217 (1881); Reno W. L. & L. Co. v. Osburn, 25 Nev. 53, 56 P. 945 (1899); Douglas Co. Board v. Pederson, 78 Nev. 106, 369 P.2d 669 (1962); Wiener v. City of Reno, 88 Nev. 127, 494 P.2d 277 (1972).

[2]That question was not reached in Douglas Co. Board v. Pederson, 78 Nev. 106, 369 P.2d 669 (1962).

1. Industrial Asphalt, as a division of Gulf Oil Corporation, submitted the lowest bid for the McCarran Airport Improvement Project. Its bid was $168,000 lower than that of Nevada Rock and Sand, the next lowest bidder. The contract, however, was awarded to Nevada Rock and Sand because the Attorney General, by official opinion, advised the Commissioners to disregard the bid of Industrial.

Industrial obtained a Nevada contractor's license in 1964. That license was renewed annually for seven years and the company conducted business. In 1972, Industrial was merged into Gulf Oil Corporation. The State Contractors Board reissued the license to Industrial Asphalt as a division of Gulf Oil. This license was renewed in January 1973. In February and March of that year Clark County advertised for bids for the airport project. Only licensed contractors could submit bids.

The vice-chairman of the Clark County Board of Commissioners was told by the attorney for Nevada Rock and Sand that the license of Industrial might be invalid. This prompted the vice-chairman to request an opinion from the Attorney General. It was the Attorney General's opinion that the merger destroyed the existence of Industrial Asphalt and that it could not hold a contractor's license. Moreover, that since Gulf Oil itself was not licensed as a Nevada contractor, the Commissioners should disregard the bid of Industrial as a division of Gulf Oil.

We are not here concerned with the merit of that opinion. Neither have we related the unusual circumstances leading to the securing of it, since bad faith is not alleged. There was no question concerning the responsibility of the low bidder. NRS 332.065; cf. Douglas Co. Board v. Pederson, 78 Nev. 106, 369 P.2d 669 (1962). An alternative course was open to the Commissioners. They could have afforded the low bidder an opportunity to clarify the status of its license. According to the Secretary of the Contractors Board such clarification could have been accomplished within 24 hours. The Commissioners adamantly refused to delay the awarding of the contract pending such clarification.

2. It is established that a bid in response to a solicitation therefor constitutes no more than an offer and until its acceptance, a contract does not exist. 1 Williston, Contracts § 31 (3d ed. 1957). The purpose of bidding is to secure competition, save public funds, and to guard against favoritism, improvidence and corruption. Such statutes are deemed to be for the

benefit of the taxpayers and not the bidders, and are to be construed for the public good.

The contract awarded to Nevada Rock and Sand was for an amount slightly in excess of seven and one-half million dollars. The damages sought in this case by the low bidder exceed $500,000 and embrace the loss of anticipated profits, the cost of preparing and submitting its bid, and other consequential losses. To allow recovery of such damages would twice penalize the taxpayers. M. A Stephen Construction Co. v. Borough of Rumson, 308 A.2d 380 (Sp.Ct.App.Div. N. J. 1973); Rapp v. Salt Lake City, 527 P.2d 651 (Utah 1974); City of Scottsdale v. Deem, 556 P.2d 328 (Ct.App. Ariz. 1976).

Although the lowest responsible bidder may have standing to timely challenge the rejection of his bid and to compel the award of the contract to him (see cases cited footnote 1 infra), it does not follow that such bidder may recover damages after the project has been completed by the contractor whose bid was accepted. A timely challenge is compatible with the public interest since it serves to force compliance with the purpose of the bidding procedure. After the project is completed, however, it is difficult to perceive how the public interest is served by investing the low bidder with a cause of action for damages. The public already has paid the difference between the lowest bid and the bid which was accepted. The taxpayer should not further be penalized.

In line with the cited cases we hold that in these circumstances the lowest bidder does not have a cause of action for damages against the public authority.

3. Our holding eliminates the need to discuss whether Clark County is immune from this damage action by reason of NRS 41.032(2). Neither need we consider the contention that the opinion of the Attorney General precluded liability of Clark County. See: Cannon v. Taylor, 88 Nev. 89, 493 P.2d 1313 (1972).

Affirmed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.