MAHLON FAUST, Doing Business as FAUST AND HAR-
PER ADVERTISING COMPANY, Appellant and
Cross-Respondent, v. DONREY MEDIA GROUP,
Doing Business as DONREY OUTDOOR ADVERTIS-
ING, INC., Respondent and Cross-Appellant.

No. 9671

March 16, 1979                                591 P.2d 1152

*George E. Franklin,* Las Vegas, for Appellant and Cross-
Respondent.

*Goodman, Oshins, Brown & Singer, Chartered,* and *Kirby
R. Wells,* Las Vegas, for Respondent and Cross-Appellant.

## OPINION

By the Court, GUNDERSON, J.:

This case involves a contract to install and operate an outdoor billboard sign at McCarran International Airport, which the Clark County Board of Commissioners awarded to appellant Mahlon Faust. The bid invitation contained a special condition that, "Each bidder must hold (and provide evidence thereof to the county at the time of submission of his bid) any and all legally required contractors and/or business licenses or permits necessary for the work, installation maintenance and operation of the outdoor billboard sign(s)." The specified bid forms required bidders to provide "the sign construction."

Faust, the high bidder, is licensed in advertising, but apparently did not himself hold the state contractor's license required for billboard construction. Respondent and cross-appellant, Donrey Media Group, was the highest bidder holding such a license. Uncertain whether Faust could be considered a qualified bidder, the Board sought the opinion of its attorney, who advised that although the Bid Invitation probably required a state contractor's license, a contrary legal argument could be formulated. On this advice, the Board awarded Faust the contract.

Donrey petitioned the district court for a writ of mandamus compelling the Board to award it the contract. After a hearing, the court vacated the contract award to Faust, but refused to order the contract awarded to Donrey. Faust appeals, claiming the mandamus is an improper remedy, and that the order vacating the contract award is outside the pleadings and therefore erroneous. Donrey cross-appeals, asserting the district court erred by not compelling the Board to award it the contract. We perceive no error, and affirm.

1. Faust first contends the availability of injunction to restrain execution of the contract provides Donrey another adequate legal remedy, thus precluding mandamus. Because Faust cites no authority for this contention, we need not consider it. McKinney v. Sheriff, Clark County, 93 Nev. 70, 560 P.2d 151 (1977). Moreover, such an injunction would not obtain the contract award for Donrey, the relief sought by petition.

Faust also asserts mandamus is unavailable because the Board's decision was discretionary. It is well settled in public contract award procedure that a Board determination of a bidder's *"responsibleness"* is discretionary. At least in the absence of fraud or abuse of discretion, that determination cannot be challenged by mandamus. Douglas Co. Board v. Pederson, 78 Nev. 106, 369 P.2d 669 (1962); Hoole v. Kinkead, 16 Nev. 217 (1881). We note responsibility is a factual question involving various considerations evaluated conjunctively. *See* NRS 332.065–332.085. However, the Board in this case did not question either party's responsibility. The sole inquiry involved a legal interpretation of bidder qualifications, as established by the Bid Invitation.

An awarding board has a duty to reject any bid materially varying from bid specifications. *See* Parks v. City of Pocatello, 419 P.2d 683 (Idaho 1966); Smith Tug & Barge Co. v. Columbia-Pacific Towing Corp., 443 P.2d 205 (Or. 1968); Centric

Corporation v. Barbarossa & Sons, Inc., 521 P.2d 874 (Wyo. 1974); City of Opa-Locka v. Trustees of Plumbing Ind. Pro. F., 193 So.2d 29 (Fla.App. 1966); J. Turco Paving Contr., Inc. v. City Council of Orange, 213 A.2d 865 (N.J. Super.Ct.App.Div. 1965).[1] Thus, the Board had no discretion to award Faust the contract if his bid varied materially from invitation requirements, and the issue of variance may properly be raised by petition for writ of mandamus.

2. Faust also contends that the order vacating the contract award was outside the issues raised by the pleadings, and reasons further that the order cannot be justified pursuant to NRCP Rule 54(c)[2] because Donrey is not a party in whose favor the judgment is rendered. This contention lacks merit.

Deciding whether the Faust award is valid necessarily underlies determination of whether Donrey should receive the relief sought in its petition. The order vacating the award was thus within the issues raised. Similarly, the order clearly favored Donrey, satisfying NRCP Rule 54(c). Although it does not grant the precise relief requested, the order allows Donrey to obtain the contract through re-bidding if the Board decides to re-advertise.

3. On cross-appeal, Donrey seeks reversal of the district court's refusal to compel award of the contract to it. Donrey argues that the bidding requirements are unambiguous, and that Faust clearly failed to satisfy the mandatory requirement of holding a contractor's license. Hence, Donrey contends, once the Board determined to award the contract to the highest qualified and responsible bidder, it had fully exercised its discretion, and Donrey was entitled to the award. Of course, if the Bid Invitation were free of ambiguity, this argument might be persuasive. *See* Hillside TWP v. Sternin, 136 A.2d 265 (N.J. 1957); City of Phoenix v. Wittman Contracting Co., 509 P.2d

---

[1]The rationale of this rule is to preserve the competitive nature of bidding by preventing unfair advantage to any bidder, or other conditions undermining the necessary common standard of competition. *See also* Township of River Vale v. R.J. Longo Const. Co., Inc., 316 A.2d 737 (N.J.Super.Ct.LawDiv. 1974); National Engineering & Cont. Co. v. City of Cleveland, 146 N.E.2d 340 (Ohio Ct. C.P. 1957).

[2]NRCP Rule 54(c) provides in pertinent part:

"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

1038 (Ariz.App. 1973). However, the district court based its order upon a finding of ambiguity in the bid invitation.

The Board chose to view the bids not as for a construction project *per se,* but for a land lease requiring the lessee to erect a billboard through a licensed contractor. In our opinion, the court did not err in determining this construction to be consistent with the language and purpose of the bids. Unlike usual construction contracts, the County's purpose in this case is to produce revenue. The proposed structure is not intended for public use, but will serve the private interests of the awardee. In the case of public works, requiring bidders themselves to hold the appropriate state contractor's license may relate to assuring conformity with contemplated quality standards. Here, however, the County's interests may be equally protected if the billboard operator is allowed to subcontract the actual construction to a licensed contractor, and the less restrictive bid standard may produce a greater number of bidders. Thus, it appears proper for the Board to proceed as it evidently intended. However, the bid invitations should be clear and unambiguous. 10 E. McQuillan, Municipal Corporations, p. 371, § 29.52 (3rd ed. 1968); Smith Tug & Barge Co. v. Columbia-Pacific Towing Corp., *supra.* Advised of the invitation's material ambiguity, the Board should not have proceeded. Before awarding the contract, the Board had a duty to clarify bidder qualifications by readvertising. This conclusion, we believe, follows from the same considerations of fairness and preservation of competitive bidding that prohibit acceptance of bids materially varying from specifications. *See* footnote 1 of this opinion.

Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.