RALPH L. WADSWORTH CONSTRUC-
TION COMPANY, INC., Plaintiff
and Appellee,

v.

SALT LAKE COUNTY, a political subdi-
vision of the State of Utah; R.P. Holds-
worth, Director, The Salt Lake County
Flood Control Division, Defendants
and Appellants.

No. 900234–CA.

Court of Appeals of Utah.

Sept. 30, 1991.

David E. Yocum, Salt Lake County Atty.
and Jeffrey H. Thorpe (argued), Deputy
County Atty., Salt Lake City, for defen-
dants and appellants.

Wilford A. Beesley and Stanford P. Fitts
(argued), Beesley & Fairclough, Salt Lake
City, for plaintiff and appellee.

Before BENCH, JACKSON and ORME,
JJ.

OPINION

BENCH, Presiding Judge:

Ralph L. Wadsworth Construction Com-
pany, Inc. (Wadsworth) was the unsuccess-
ful bidder on a public works project in Salt
Lake County (the County) and sued for
damages on contract and negligence theo-
ries. The trial court awarded Wadsworth
damages for lost profits on a motion for
summary judgment and the County appeal-
ed. We reverse and remand.

I. FACTS

On July 8, 1985, the County invited com-
petitive, sealed bids by advertisement for
construction of the Scott Avenue Basin
flood control project on Millcreek. The bid

advertisement contained instructions and rules governing the bid.[1] Wadsworth received the bid advertisement and, along with Gerber Concrete Construction, Inc. (Gerber), bid the project. When the bids were opened and the figures read publicly, Wadsworth was designated as the apparent low bidder, pending final approval by the County Board of Commissioners (the Board).

The County consulting engineers subsequently reviewed the bids and discovered irregularities in Wadsworth's bid. In addition to minor computation errors that could be corrected, Wadsworth's bid contained a six digit figure that had been penciled in above another number written in ink for the cost of the line item "basin floodwall." Both numbers were added to other line items in separate calculations of the subtotal for the concrete floodwalls. Two different numbers appeared, one in pen and one in ink, in the subtotal column on the bid schedule. The pencil and ink figures from the subtotal column on the bid schedule were again listed in the summary of subtotals and entered in the box for the total bid price. The figures reflected substantial price differences. Wadsworth's total high and low figures straddled Gerber's total bid price. The consultants recommended that the Board reject Wadsworth's bid as not responsive to the bid request.

On August 14, 1985, the Board held a public hearing to review the bid proposals. At the hearing, Wadsworth argued the Board could waive the irregularities. Wadsworth had previously sent a letter to the County shortly after bids were opened to clarify the "confusion as to which number should be used." A county attorney advised against waiver, and the Board rejected Wadsworth's bid as not responsive and awarded the contract to Gerber. Wadsworth then sought to enjoin Gerber from starting construction by filing suit in district court, but the court allowed the work to go forward.

When the flood control project was completed, the County moved for summary judgment on the grounds that the equitable relief Wadsworth sought had been rendered moot and that Wadsworth was not entitled to the damages requested. The court granted the motion in part and denied injunctive relief, but ruled that Wadsworth could seek damages for wrongful rejection of its bid. Wadsworth then moved for summary judgment and was awarded damages for lost profits on contract and negligence theories. The County appealed.

## II. STANDARD OF REVIEW

Summary judgment is proper only if there are no genuine issues of material fact and the moving party is entitled to a judgment in its favor as a matter of law. *Thornock v. Cook*, 604 P.2d 934, 936 (Utah 1979). Because disposition of a case by summary judgment denies the benefit of trial on the merits, we review the evidence in the light most favorable to the losing party. *Reeves v. Geigy Pharmaceutical, Inc.*, 764 P.2d 636, 640 (Utah App.1988). Moreover, because summary judgment is granted as a matter of law, we are free to reappraise the legal conclusion of the trial court. *Lucky Seven Rodeo Corp. v. Clark*, 755 P.2d 750, 752 (Utah App.1988).

## III. REJECTION OF THE BID

### A. Contractual Theory

The issue of whether an unsuccessful bidder on a public works project is entitled to contractual damages was decided in *Rapp v. Salt Lake City*, 527 P.2d 651 (Utah 1974). In *Rapp*, the supreme court denied recovery of damages by an aggrieved bidder under either express or implied contract theories. *Id.* at 655. "An ordinary advertisement for a bid is not itself an offer," the court reasoned, "rather the bid or tender is an offer which creates no rights until accepted." *Id.* at 654. The supreme court also acknowledged that, pursuant to ordinance, formal acceptance

---

1. The bid instructions required unit prices to be written in ink or typed both in words and numerals. The instructions expressly prohibited erasure, interlineation or other correction unless such corrections were authenticated by the signature of the person signing the bid.

by the governing authority was required to create a binding contract. *Id.*

In the present case, the Board is empowered by ordinance to make contracts on behalf of the County. No contract is binding on the County, however, until it has been approved by the Board or authorized by ordinance or resolution.[2] In this case, the Board did not approve Wadsworth's bid, but in fact, rejected it before any work was commenced on the project. Therefore, no contract was created, either express or implied, that would give Wadsworth contractual rights. Accordingly, damages for anticipated lost profits were inappropriate under either express or implied contract theories.

## B. Negligence Theory

 The issue of whether a contractor who is the apparent low bidder on a public works contract is entitled to recover damages for lost profits for wrongful rejection of its bid is a case of first impression in Utah. A substantial majority of the jurisdictions that have ruled on the issue have not allowed an aggrieved low bidder to recover damages for the failure of a public body to award a contract.[3] We adopt the majority approach and hold that damages for lost profits are not recoverable under negligence theory as a matter of Utah common law.[4]

**2.** Salt Lake County, Utah, Code of Ordinances, § 2.04.100 (1990).

> The commission shall make or authorized [sic] the making of all contracts to which the county may be a party, and no contract shall be entered into on behalf of or be binding on the county unless it is reduced to writing and approved by the commission, or expressly authorized by ordinance or resolution.

Wadsworth presents no argument that a binding contract was created by ordinance or resolution. Accordingly, we do not address either of those provisions of the ordinance.

**3.** *See City of Scottsdale v. Deem*, 27 Ariz.App. 480, 556 P.2d 328 (1976); *Klinger v. City of Fayetteville*, 297 Ark. 385, 762 S.W.2d 388 (1988); *Rubino v. Lolli*, 10 Cal.App.3d 1059, 89 Cal.Rptr. 320 (1970); *Sutter Bros. Constr. Co., Inc. v. City of Leavenworth*, 238 Kan. 85, 708 P.2d 190 (1985); *Baker v. State*, 218 Mont. 235, 707 P.2d 20 (1985); *Gulf Oil Corp. v. Clark County*, 94 Nev. 116, 575 P.2d 1332 (1978); *M.A. Stephen Constr. Co. v. Borough of Rumson*, 125

The rationale for our holding is that the laws governing competitive bidding are enacted for the benefit of the general taxpaying public and not individual bidders. *See Gulf Oil Corp. v. Clark County*, 94 Nev. 116, 575 P.2d 1332, 1333 (1978). A violation of those laws, therefore, is a breach of a duty owed to the public and not to an individual. Because damages benefit only the interest of an individual bidder, an award of damages for lost profits in such instances is contrary to the very public interest that the competitive bidding laws were designed to protect. In addition, damages for lost profits further burden the public coffers already penalized by paying a higher price for goods or services. *See City of Scottsdale v. Deem*, 27 Ariz.App. 480, 556 P.2d 328, 330 (1976).

## IV. CONCLUSION

We conclude that Wadsworth was not entitled to damages for lost profits under either contract or negligence theories. We therefore vacate the summary judgment and remand the case for further proceedings consistent with this opinion.

JACKSON and ORME, JJ., concur.

N.J.Super. 67, 308 A.2d 380, *cert. denied*, 64 N.J. 315, 315 A.2d 404 (1973); *R.S. Noonan, Inc. v. School District of City of York*, 400 Pa. 391, 162 A.2d 623 (1960); *Mottner v. Town of Mercer Island*, 75 Wash.2d 575, 452 P.2d 750 (1969). *See also* Eugene McQuillin, *The Law of Municipal Corporations*, § 29.86 (3rd Ed.1990); Annotation, *Public Contracts: Low Bidder's Monetary Relief against State or Local Agency for Nonaward of Contract*, 65 A.L.R.4th 93 (1988); 64 Am.Jur.2d, *Public Works and Contracts* § 86 (1972).

**4.** Since Wadsworth did not seek to recover its bid preparation costs, we have no occasion to consider the issue. *See Heyer Products Co., Inc. v. United States*, 135 Ct.Cl. 63, 140 F.Supp. 409 (1956) (unsuccessful bidder may recover bid preparation costs where bids are not invited in good faith). We also note, in passing, that counties are not included within the scope of the Utah Procurement Code and the remedies therein provided. Utah Code Ann. §§ 63-56-2, -5(12), -5(25), -47 (1989).