NEVADA PUBLIC LAND ACCESS COALITION, INC.; HELEN LEVEILLE, PRESIDENT OF NEVADA PUBLIC LAND ACCESS COALITION, INC., APPELLANTS, v. HUMBOLDT COUNTY BOARD OF COUNTY COMMISSIONERS, RESPONDENT.

No. 26099

May 25, 1995                                895 P.2d 640

*Paul A. Richards,* Reno, for Appellants.

*R. Michael McCormick,* District Attorney, Humboldt County, for Respondent.

**OPINION**

By the Court, YOUNG, J.:

Frenchy Montero blocked off the Leonard Creek Road ("the Road"), which runs through his property and into public land in Humboldt County. Appellants Nevada Public Land Access Coalition, Inc.; Helen Leveille, President of Nevada Public Land Access Coalition, Inc. ("the Coalition"), sought to have respondent Humboldt County Board of County Commissioners ("the Board") open the Road pursuant to NRS 405.195. The Board conducted a hearing on the issue, during which a number of witnesses testified. These witnesses made various claims, many of which were unsubstantiated and conflicting, concerning when, how and why the Road was constructed. Evidence was submitted concerning the ownership of the surrounding land in the mid- to late-nineteenth century. At the close of the hearing, the Board declared unanimously that it did not have enough information to act pursuant to NRS 405.195.

The Coalition sought a rehearing, claiming that evidence obtained after the hearing proved that the Road was public. This evidence consisted mainly of deeds and maps dating from the early twentieth century. The Board denied the Coalition's request, noting that the new evidence did not change its original declaration.

The district court refused to issue a writ of certiorari or mandate compelling the Board to declare the Road public. The district court concluded that the Board did not exceed its jurisdiction and the Coalition could pursue a remedy by filing a complaint in district court. The Coalition appeals the district court's order.

The question presented to this court is not whether the Leonard Creek Road is a public road. Rather, our inquiry is the same as

that of the district court when it determined whether to issue a writ of certiorari or mandate, that is, whether substantial evidence supports the Board's refusal to declare the Road public pursuant to the narrow criteria of NRS 405.195. *See* Nova Horizon v. City Council, Reno, 105 Nev. 92, 94, 769 P.2d 721, 722 (1989).

A petition for a writ of certiorari is properly granted when (1) an inferior tribunal has exceeded its jurisdiction; (2) no means of appeal exists; (3) and no plain, speedy, and adequate remedy at law is available. NRS 34.020(2). All three of these conditions must exist before a writ may be issued. Schumacher v. District Court, 77 Nev. 408, 410, 365 P.2d 646, 648 (1961). An analysis of jurisdiction does not involve considering whether the Board's decision was correct. *See* Goicoechea v. District Court, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980).

Like a writ of certiorari, a writ of mandate may not be issued when a plain, speedy, and adequate remedy at law is available. County of Washoe v. City of Reno, 77 Nev. 152, 155, 360 P.2d 602, 603 (1961). Moreover, a writ of mandate cannot be used to alter the determination of a subordinate body with respect to a finding of fact. *See* Douglas Co. Board v. Pederson, 78 Nev. 106, 108, 369 P.2d 669, 671 (1962).

The Board determined that the facts presented at the hearing were insufficient to allow it to declare the Road public pursuant to NRS 405.195. This statute, amended substantially in 1993, requires a board of county commissioners to hold public hearings to determine if a road may be deemed public when five or more residents of Nevada petition for such a hearing. *See* NRS 405.195(1). The county commissioners may declare a road public pursuant to this statute only if a road was constructed on unappropriated, unreserved land by mechanical means and was accepted either by the government (state or local) for dedication as a public road or by use as access to mines or other private property. *See* NRS 405.195(2). If the county commissioners find that these requirements are met, then the statute presumes to grant broad authority to the county commissioners to open or close the road, depending on a number of other factors. *See* NRS 405.195(3).

We note that even though the Board held a hearing pursuant to NRS 405.195, the Board essentially left the status quo unaltered. For purposes of this appeal, we conclude only that the Board did not exceed its jurisdiction in refusing, pursuant to the narrow

criteria of NRS 405.195, to declare the Road to be public based on the conflicting and unsubstantiated claims made at the hearing. The documents which prompted the Coalition to request a rehearing do not alter this conclusion.

Because the Board did not exceed its jurisdiction in making its findings, we need go no further in disposing of this appeal. We must emphasize again, however, that the Board's determination is not dispositive of the question of whether the Road should be open to the public. The order of the district court is affirmed.

STEFFEN, C. J., and SHEARING and ROSE, JJ., concur.

SPRINGER, J., concurring:

I concur with the court's affirmance of the district court's judgment denying a petition for writ of certiorari, but for reasons entirely different from those expressed in the majority opinion.

I do not believe that petitioners are entitled to extraordinary relief even though it is clear to me that the road in question here is a "public road." There is no doubt, based on this record, that construction of the road "by mechanical means" took place while the land was unappropriated, unreserved public land and that it was, as required by the statute, "used by the public" and also "[a]ccepted by use as access to a mining claim."[1]

To my mind the County Board abused its discretion in refusing to declare the road to be a public road, and, under ordinary circumstances, a writ of certiorari would be in order.[2] In this case, however, I agree with the district court that a writ should not issue and that the matter should be disposed of, as suggested by the district court, "by filing a complaint for relief in the District Court." I say this because in my opinion the county does not have the power under NRS 405.195(3) to order that the road across Mr. Montero's property be "opened" or "reopened" so

---

[1]During the hearing before the County Board, counsel for Mr. Montero, who was objecting to any declaration by the board that would permit public access through his private property, advised the County Board that the "maps that Mr. Laveille [president of Nevada Public Land Access Coalition, Inc.] has shown you, they are either Federal or County maps which have been recorded, and they show the road on the map as being marked as a public road." I think that there is no real question but that this road is a public road.

[2]I would note that the trial court did not make any adjudication as to whether the road was public or private; and whether the road is public or private is still a question that is subject to administrative and judicial determination. The trial court did not rule on the merits of whether this was a public road; it merely refused to grant a writ on the ground that the petitioners had a "plain, speedy and adequate remedy by filing a complaint for relief in the District Court." I agree with this ruling of the district court and am of the opinion that this controversy can be resolved only by filing a civil claim for relief in the district court.

as to give the public right to access over Mr. Montero's land. The County Board meeting was not the kind of adversarial proceeding in which conflicting claims to interests in real property can be permanently adjudicated. Mr. Montero, the real party in interest with respect to the right of passageway across his land, was not served with any process and was not a party to the nonadversarial proceedings conducted by the County Board. NRS 405.195 authorizes county boards merely to "determine whether . . . the road in question has acquired the *status* of a public road." Montero is not bound in these kinds of proceedings by the County Board's determination that the road is either public or private. All that the County Board did here was to decide (incorrectly, I think) that it had in its possession insufficient information upon which it could make the required declaration of status;[3] but even if it had made a final determination that the road was either public or private, this would not have been a final adjudication of the right of the public to traverse Montero's property.

As I have indicated above, the proceedings under NRS 405.195 are not adversarial or judicial in nature. They do not provide for notice to all interested parties; and all that is required to permit the County Board to declare the public "status" of a road is that the County Board publish a notice of the time and place that it intends to consider the matter. Mr. Montero's property rights cannot be subject to final disposition in summary proceedings in which his individual property rights and claims have not truly been put in issue.

To resolve the present controversy, either Mr. Montero or the Nevada Public Land Access Coalition, Inc. or some other interested person must file an appropriate civil claim for relief (perhaps for declaratory judgment or under NRS Chapter 40) and serve *all* interested parties. Although NRS 405.195, the public road "status" law, plainly invites public-interest groups such as the Land Access Coalition to seek a declaration of the status of what appears to them to be a public road, the rights of all

---

[3]Commissioner Milton: "Based on the information that was provided tonight, I don't think we were given any information or testimony that says that this right of way was accepted by the State or local government for dedication as a road for public use, or it was accepted by use as access to a mining claim . . . ." There being in the opinion of the County Board insufficient "information" to support its declaration that the road had "acquired the status of a public road," the County Board denied the NRS 405.195 petition. As I see it, there has been no final and binding adjudication of the "publicity" of this road under this statute; but, as I point out in the text, the basic issue underlying this case, namely, whether the public should have the right to traverse Mr. Montero's land over the public road that is mapped out across his property, cannot be bindingly adjudicated by the County Board, but must be disposed of, as stated by the trial court, by "filing a complaint for relief in the District Court."

interested parties cannot possibly be disposed of in proceedings instituted under this statute. For this reason I would agree with the trial court that a writ should not issue and that the controversy can be finally resolved only by civil action and not by petition brought under NRS 405.195.