IN THE SUPREME COURT OF THE STATE OF NEVADA

REEC ENTERPRISES, LLC,
Appellant,
vs.
SAVANNAH FALLS HOMEOWNERS'
ASSOCIATION,
Respondent.

REEC ENTERPRISES, LLC,
Appellant,
vs.
SAVANNAH FALLS HOMEOWNERS'
ASSOCIATION,
Respondent.

No. 79593 **FILED**

MAR 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 80312

*ORDER AFFIRMING (DOCKET NO. 79593) AND AFFIRMING IN PART
AND VACATING IN PART (DOCKET NO. 80312)*

Docket No. 79593 is an appeal from a district court summary judgment in a quiet title and contract action, and Docket No. 80312 is an appeal from a district court order granting a postjudgment motion for attorney fees and costs.[1]  Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge.  Because the appeals involve the same parties and arise from the same district court case, we elect to consolidate them for disposition.  *See* NRAP 3(b)(2).

*Docket No. 79593*

Appellant argues that the district court erred by granting summary judgment because genuine issues of material fact remain. Specifically, appellant argues that it was undisputed that respondent's letter inviting bids stated that the subject property would be conveyed to the "successful bidder," and that, upon the highest bidder's failure to tender

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

the bid amount, appellant constituted the "successful bidder." Appellant therefore asserts that the solicitation letter required respondent to accept its bid and convey the property. At the very least, appellant argues, there are genuine issues of material fact regarding whether appellant was the successful bidder and the distinction, if any, between the highest or winning bidder and the "successful bidder."

We review de novo, *see Nev. Recycling & Salvage, Ltd. v. Reno Disposal Co., Inc.*, 134 Nev. 463, 465, 423 P.3d 605, 607 (2018) ("[A] district court's order granting summary judgment is reviewed de novo."), and disagree. Appellant's argument fails because an invitation to bid does not constitute a contractual offer. Instead, appellant's bid constituted an offer, which respondent refused to accept. *Gulf Oil Corp. v. Clark Cty.*, 94 Nev. 116, 118, 575 P.2d 1332, 1333 (1978) ("It is established that a bid in response to a solicitation therefor constitutes no more than an offer and until its acceptance, a contract does not exist."); *see also* 17A Am. Jur. 2d Contracts § 49 (2021) ("[C]ompliance with the requirements of a general invitation to make an offer involves nothing more than an offer, which may or may not be accepted by the party who issued the invitation."). And, because respondent rejected the offer, the district court did not err by finding that the parties had not formed a contract. *See May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005) ("Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration.").

Next, appellant argues that the district court erred by granting summary judgment on the issue of equitable estoppel. We review de novo, *see Nev. Recycling & Salvage*, 134 Nev. at 465, 423 P.3d at 607, and disagree. Because an invitation for bids is not an offer for purposes of

forming a contract, the letter itself stated that payment would be due only upon acceptance of the bidder's offer, and appellant was left in the same position as before it submitted its bid, we conclude that the district court did not err by finding that equitable estoppel did not apply.[2] *See Goldstein v. Hanna*, 97 Nev. 559, 563, 635 P.2d 290, 293 (1981) ("The doctrine of equitable estoppel is properly invoked whenever 'unconscionable injury would result from denying enforcement of the contract after one party has been induced by the other seriously to change his position in reliance on the contract.'" (quoting *Alpark Distrib. Inc. v. Poole*, 95 Nev. 605, 607-08, 600 P.2d 229, 230-31 (1979))); *see also Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 674, 918 P.2d 314, 321 (1996) (holding that the district court abused its discretion in applying equitable estoppel because "there [was] no evidence in the record to show that [the party asserting estoppel] was induced to make a detrimental change of position").

*Docket No. 80312*

Appellant next challenges the legal basis for the district court's attorney fees award, arguing that NRS 116.4117 does not apply to its complaint.[3] We review de novo, *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006) (holding that this court generally reviews district court attorney fees determinations for an abuse of

---

[2]Because we conclude that the district court did not err by granting summary judgment on the issues of contract formation or equitable estoppel, essentially finding appellant had no interest in the property, we need not address appellant's argument that the district court erred by finding that it waived its claim to any interest in the property.

[3]Appellant does not challenge the award of costs. We therefore affirm that portion of the appealed order in Docket No. 80312.

discretion, but that questions of statutory interpretation are reviewed de novo), and agree.

"A district court is not permitted to award attorney fees or costs unless authorized to do so by a statute, rule or contract." *U.S. Design & Const. Corp. v. Int'l Bhd. of Elec. Workers*, 118 Nev. 458, 462, 50 P.3d 170, 173 (2002). NRS 116.4117 does not apply here because the complaint did not allege that respondent violated any provisions of NRS Chapter 116 or its Covenants, Conditions, and Restrictions (CC&Rs) or bylaws. *See* NRS 116.4117(1), (6) (providing for a civil action for damages for failure or refusal to comply with provisions of NRS Chapter 116 or a homeowner's associations own governing documents, and further providing that "the court may award reasonable attorney fees to the prevailing party" in such an action). The order granting summary judgment similarly makes no reference to NRS Chapter 116, respondent's CC&Rs, or its bylaws. Thus, the district court erred by relying on NRS 116.4117 to award attorney fees.

We also agree with appellant that respondent could not recover attorney fees under NRS 18.010(2)(a), which permits awards of attorney fees to the prevailing party under certain circumstances, as it was a defendant that did not receive a money judgment. *See Smith v. Crown Fin. Servs. of Am.*, 111 Nev. 277, 280, 890 P.2d 769, 771 (1995) (reaffirming the rule that a defendant does not satisfy the requirements for an award of attorney fees under NRS 18.010(2)(a) where it does not recover a money judgment below). And respondent waived any argument that it was entitled to attorney fees under NRS 18.010(2)(b) (allowing an attorney fees award when claims were "brought or maintained without reasonable ground or to harass the prevailing party"), by failing to make such arguments below or

on appeal.[4] *See Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."); *Powell v. Liberty Mut. Fire Ins. Co.,* 127 Nev. 156, 161 n. 3, 252 P.3d 668, 672 n. 3 (2011) (explaining that issues not raised on appeal are deemed waived).

In sum, we affirm the summary judgment in Docket No. 79593 and we affirm the portion of order in Docket No. 80312 awarding costs to respondent but vacate the portion of that order awarding respondent attorney fees.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Jacqueline M. Bluth, District Judge
       Hong & Hong
       Leach Kern Gruchow Anderson Song/Las Vegas
       Eighth District Court Clerk

---

[4]The district court also made no findings that would support an award under NRS 18.010(2)(b).